## **EXHIBIT B  (contd.)**

**Copy of All Filings with State Court**

8/30/2018 10:49 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-001835**
Terri Juarez

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANTS' SECOND SUPPLEMENT TO MOTION TO DISMISS
## UNDER THE TEXAS CITIZENS PARTICIPATION ACT

COME NOW, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer (collectively, the "Defendants"), and hereby file this, their Second Supplement to Motion to Dismiss Under the Texas Citizens' Participation Act and in support thereof would respectfully show this Honorable Court as follows:

In Plaintiff's Response he attaches the declaration of Fred Zipp on which he relies and argues on page 13 of his Response that it was only *after* the June video when he began to be exposed to ridicule from "conspiracy fanatics." This is not true.

Mr. Zipp states that *after* the June video, Mr. Heslin was accused of being a fireman who was killed in the 9/11 attack. He says this without any evidence and for good reason. Mr. Heslin had been the subject of this claim *long before the June video*, since at least October of 2015.[1]

Zipp also says that it was *after* the June video that Mr. Heslin was accused of being one of the "illuminate." However this is again false as the very screenshot that Zipp uses to illustrate this was published immediately after the Kelly interview and *before* the June video.[2]

---

[1] See Affidavit of David Jones and the attached Exhibit 1.
[2] See Affidavit of David Jones and the attached Exhibit 2.

Unfortunately, long before Defendants said anything about Mr. Heslin, he was already the subject of conspiracy theory ridicule. Some said they even posted such claims on his own Facebook page.[3]

These and many other claims were posted and circulated by many people and on many websites long before Mr. Heslin was ever mentioned by any of the Defendants. Thus, it is more likely than not that whatever damages and injuries he has suffered from claims of conspiracy theorists were caused long before the actions complained of in this suit. Mr. Heslin has not submitted clear and convincing evidence that his damages and injuries were proximately caused by anything that Defendants are accused of doing.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants respectfully requests that this honorable Court grant Defendants' Motion to Dismiss under the Texas Citizens Participation Act in its entirety and the Court grant them such other and further relief as the Court deems equitable, just and proper.

RESPECTFULLY SUBMITTED,

GLAST, PHILLIPS & MURRAY, P.C.

_____/s/ Mark C. Enoch_____
Mark C. Enoch
State Bar No. 06630360
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:    972-419-8366
Facsimile:    972-419-8329
fly63rc@verizon.net

ATTORNEY FOR DEFENDANTS

---

[3] See Affidavit of David Jones and the attached Exhibit 3.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2018, the foregoing was sent via efiletxcourts.gov's e-service system to the following:

Mark Bankston
Kaster Lynch Farrar & Ball
1010 Lamar, Suite 1600
Houston, TX 77002
713-221-8300
mark@fbtrial.com

                                        _____/s/ Mark C. Enoch_____
                                        Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## AFFIDAVIT OF DAVID JONES

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared David Jones, known to me to be the person whose name is subscribed below, and who on his oath, deposed and stated as follows:

1.    My name is David Jones. I am over the age of 21 years, have never been convicted of a felony or crime involving moral turpitude, am of sound mind, and am fully competent to make this affidavit. I have personal knowledge of the facts herein stated and they are true and correct.

2.    In preparing for this affidavit, I reviewed internet websites, articles and videos published on the internet and found several that are relevant to the issues in this case.

3. This video and these articles/screenshots were downloaded and/or printed directly from the identified internet website. All of the attached exhibits are true and correct copies of the online articles and videos.

4. Attached to this affidavit marked as Exhibit 1 is is a true and correct copy of a screen shot of a web page article located at the url address: https://plus.google.com/+OzzybinOswald/posts/BM9UxYu7bKT. This is a true and correct copy of that page as of the date of this affidavit.

5. Attached hereto marked as Exhibit 2 is a true and correct copy of a screen shot of a web page article located at the url address: http://theconspiracyzone.podcastpeople.com//posts/comment/31184. This is a true and correct copy of that page as of the date of this affidavit.

6. Attached hereto marked as Exhibit 3 is a thumb drive containing a true and correct copy of a video posted at the url address: https://www.youtube.com/watch?v=V4cgKombuGE. This is a true and correct copy of that video as of the date of this affidavit.

Further Affiant Sayeth Not.

David Jones

SWORN TO and SUBSCRIBED before me by David Jones on August 30, 2018.



_____
Notary Public in and for
the State of Texas

My Commission Expires:

4·21·2022
_____

Google + 

⋮⋮⋮  Sign in

Discover

Join Google+



Ozzy bin Oswald · Public                              ⋮

Two faces of 9/11 victim Thomas Kelly (top and left) vs. 2 faces of grieving Sandy Hook father Neil Heslin (bottom right).






Now let's look at the man Megyn Kelly interviewed this last Sunday and was supposed to be the parent of one of the murdered children at Sandy Hook. His alias is Neil Heslin and he claims his son Jesse was shot in the head and was buried with him at his side. The problem is we've seen him before. He played the part of a firefighter that supposedly died on 9/11 by the name of Thomas Richard Kelly. THIS MAN IS AN ACTOR! As a matter of fact, Alex Jones should know this man is an actor! Jones should have exposed this man as an actor but he made no mention of it. Why? Either he knows about it and is covering it up or he knows nothing about it. If he doesn't know, then what good is he? I mean, if we at The Conspiracy Zone know about it, then why doesn't Alex Jones?



Here is a picture of him as Thomas Richard Kelly and Neil Heslin:



As we know the Illuminists like to mock us when they name these people so let's look at what Neil Heslin says coded.







these people so let's look at what Neil Heslin says coded.



Yea, he's LYIN' alright!

Let's look at other pictures to show you that this is in fact an actor playing two parts. Below, he's Thomas Richard Kelly who died on 9/11, 2001.



Now here he is playing the part of the father (Neil Heslin) of a murdered child that was allegedly killed at Sandy Hook.



8/30/2018 11:02 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835
Raeana Vasquez

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF DEFENDANTS' FIRST AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR EXPEDITED DISCOVERY AND DEFENDANTS' MOTION FOR SANCTIONS

COME NOW, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer (collectively, the "Defendants"), and hereby file a supplemental affidavit in support of their First Amended Response to Plaintiff's Motion for Sanctions and Motion for Expedited Discovery and Defendants' Motion for Sanctions.

Defendants hereby file the Affidavit of Kevin Brown attached hereto as Exhibit "A."

RESPECTFULLY SUBMITTED,

GLAST, PHILLIPS & MURRAY, P.C.


_____ */s/ Mark C. Enoch* _____
Mark C. Enoch
State Bar No. 06630360
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:    972-419-8366
Facsimile:     972-419-8329
fly63rc@verizon.net


ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that on this 30th day of August, 2018, the foregoing was sent via efiletxcourts.gov's e-service system to the following:

Mark Bankston
Kaster Lynch Farrar & Ball
1010 Lamar, Suite 1600
Houston, TX 77002
713-221-8300
mark@fbtrial.com


                                           */s/ Mark C. Enoch*
                                    Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## <u>AFFIDAVIT OF KEVIN BROWN</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

I, Kevin Brown, do hereby declare under penalty of perjury that the following is true and correct.

1.     My name is Kevin Brown.  I am fully competent and capable in all respects to make this Affidavit. I am an attorney duly licensed to practice law in the State of Texas, and practice in Travis County, Texas, with the firm of Waller Lansden Dortch & Davis, LLP.  Along with Eric Taube, I am counsel of record for Defendants in the case styled *"Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Kit Daniels,"* Cause No. D-1-GN-18-001605, 459th District Court, Travis County, Texas.

2.     Mark Bankston and his firm represent the Plaintiff in the Fontaine matter and I have met and spoken with Mr. Bankston and we have jointly attended a hearing in



EXHIBIT
A

this matter on August 2, 2018 for our clients' Motion to Dismiss Pursuant to the Texas Citizens Participation Act.

3.      Mark Enoch has never been counsel of record or otherwise for our clients in the Fontaine matter. To my knowledge, he did not attend the hearing on August 2 as he is not involved in that proceeding.

4.      I have been told that Mark Bankston has sent an email to Mr. Enoch on August 12 in which Mr. Bankston requested confirmation as to whether or not Free Speech Systems, LLC, Infowars, LLC and Alex Jones had deleted social media content. I have seen that email and note that it mentions allegedly deleted material relating to the Parkland School shooting and Mr. Fontaine.

5.      I have searched our firm's email records - including those of Mr. Taube's and my own - and we do not show that we ever received any written communication from Mr. Bankston requesting information about whether or not or clients had deleted any social media content relating to the Parkland School shooting or Mr. Fontaine.

6.      I do not know why Mr. Bankston would have contacted Mr. Enoch about our clients' document retention relating to Mr. Fontaine or Parkland.

7.      I also know that Mr. Bankston did not leave any voicemails for me or Mr. Taube or our assistants requesting information regarding this claimed deletion of social media material.

8.      The first time I learned of any claims of Mr. Bankston of social media deletion was when I later saw a copy of his email to Mr. Enoch.

Further affiant sayeth not.

_____
Kevin Brown

SWORN TO and SUBSCRIBED before me by Kevin Brown on August 30, 2018.

SHERRI A. SAVALA
NOTARY PUBLIC
ID# 815910-0
State of Texas
Comm. Exp. 07-25-2021

_____
Notary Public in and for
the State of Texas

My Commission Expires:

_7.25.2021_

031595-62102/4833-2213-3105.1

AFFIDAVIT OF KEVIN BROWN                                          Page 3

# GLAST, PHILLIPS & MURRAY

A PROFESSIONAL CORPORATION

**MARK C. ENOCH, J.D., M.B.A.**
(972) 419-8366
fly63rc@verizon.net

BOARD CERTIFIED – CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL
SPECIALIZATION

14801 QUORUM DRIVE, SUITE 500
DALLAS, TEXAS 75240-6657

(972) 419-8300
FACSIMILE (469) 206-5022

August 30, 2018

Filed in The District Court
of Travis County, Texas

AUG 3 0 2018  JC
At _____ 1:07 P.M.
Velva L. Price, District Clerk

*Via Hand Delivery*

Travis County Judicial District Clerk
Austin, Texas

Re:  *Neil Heslin v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Owen Shroyer; Cause No. D-1-GN-18-001835, 261st District Court, Travis County, Texas*

Dear Clerk

Today the undersigned, as counsel for Defendants in the captioned case, filed Defendants' Second Supplement to Motion to Dismiss under the Texas Citizens Participation Act. Exhibit 3 to the supplement is a thumb drive which is hereby delivered to you along with a copy of the file-stamped pleading.

If there are any questions please do not hesitate to contact my assistant, Melanie Illig, at 972-419-8347. Thank you for your assistance.

Very truly yours,

Mark C. Enoch/mji

Mark C. Enoch

:mji

enclosures

cc:   Mr. Mark Bankston



KASTER LYNCH
FARRAR&BALL LLP

TEXAS | FLORIDA

August 27, 2018

*Via Federal Express*
*#7730 6567 6562*

261st District Clerk
Travis County, Texas
1000 Guadalupe Street
Austin, Texas 78701

Filed in The District Court
of Travis County, Texas

AUG 30 2018

At_____4:00_____P.M.
Velva L. Price, District Clerk

Re:     Cause No. D-1-GN-18-001835, *Neil Heslin vs. Alex E. Jones, InfoWars, LLC,*
        *Free Speech Systems, LLC, and Owen Shroyer*, In the 261st District Court of
        Travis County, Texas

Dear Sir or Madam:

Enclosed for the record, please find a flash drive containing Exhibit B1 - Zero Hedge
Discovers Anomaly In Alex Jones Hit Piece (Full Segment) and Exhibit B2 - Carver Interview;
which are exhibits to Plaintiff's Response to Defendants' Motion to Dismiss, filed of record on
August 27, 2018

Most sincerely,

Mark Bankston

*Enc.*

cc:     *Via Federal Express*
        *#7730 6569 2640*

        Mr. Mark C. Enoch
        Glast, Phillips & Murray, P.C.
        14801 Quorum Drive, Ste. 500
        Dallas, Texas 75254

Filed in The District Court
of Travis County, Texas

AUG 3 1 2018   JC
At   2:58  P. M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 53rd DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## ORDER ON PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY IN AID OF PLAINTIFF'S RESPONSE TO DEFENDANTS' TCPA MOTION

Having considered Plaintiff's Motion for Expedited Discovery, the Court finds that there is good cause to grant the Motion, and hereby ORDERS that:

1. Plaintiff's Motion is GRANTED. After considering the pleadings and arguments of counsel, the Court rules that Plaintiff may serve the written discovery attached as Exhibit 1 to this Order, and that Plaintiff may take the following depositions: Alex Jones, InfoWars LLC, Free Speech Systems LLC, and Owen Shroyer.

2. Defendants shall respond to written discovery within 30 days of service.

3. Depositions shall be completed no later than October 22, 2018. Each deposition shall last no more than 2.5 hours.

4. As authorized by Tex. Civ. Prac. & Rem. Code Sec. 27.004, the court will "extend the hearing date to allow discovery." Oral hearing on Defendants' Motion to Dismiss under the Texas Citizen's Participation Act is recessed and extended until November 1, 2018, which is less than 120 days after the service of the motion under Tex. Civ. Prac. & Rem. Code Sec. 27.003.

So ORDERED this _31st_ day of _August_ , 2018.

_____

Scott Jenkins
Travis County District Judge

Respectfully submitted and entry requested,

**FARRAR & BALL, LLP**

_____

MARK D. BANKSTON
State Bar No. 24071066
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

# EXHIBIT 1

# Court Approved Written Discovery

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN<br>   *Plaintiff* | §<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>FREE SPEECH SYSTEMS, LLC, and<br>OWEN SHROYER,<br>   *Defendants* | §<br>§<br>§<br>§<br>§ | 261st DISTRICT COURT |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, ALEX E. JONES

TO:   Defendant, Alex E. Jones, by and through his attorney of record, Marc C. Enoch, Glast, Phillips & Murray, P.C., 14801 Quorom Drive, Ste.500, Dallas, Texas 75254.

COMES NOW, Neil Heslin, Plaintiff, in the above-styled and numbered cause, and serves the following Requests for Admissions, Requests for Interrogatories and Requests for Production to Defendant, Alex E. Jones, under the Texas Rules of Civil Procedure. Plaintiff hereby requests that answers and responses to the same be answered in writing under oath, within the time and manner prescribed by the applicable rules. Plaintiff further requests that Defendant produce the following documents, or things, within thirty (30) days of service of this request by either producing the original of such documents for examination and copying or delivering legible and accurate copies thereof to the office of the undersigned during usual business hours.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

MARK D. BANKSTON
State Bar No. 24071066
mark@fbtrial.com
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN

Exhibit H

State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing instrument has been served on counsel of record in compliance with the Texas Rules of Civil Procedure on this 31st day of August, 2018 by facsimile, US Postal Mail, hand-delivery, and/or e-mail.

*Via E-Sevice: fly63rc@verizon.net*

Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

MARK D. BANKSTON

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.     "Communication" as used in these requests means the conveying or sharing of information, ideas, or feelings, by whatever medium, be it oral, written, electronic, or otherwise. These requests seek all communications in your custody or constructive possession.

2.     "Document" as used in these requests means all handwritten, typed, audio recorded, video recorded, or electronic representation of any kind, including legal instruments, agreements, letters, e-mails, text messages, notices, specifications, instructions, literature, books, magazines, newspapers, booklets, notes, notebooks, log books, diaries, memoranda, manuscripts, manifestos, data compilations, reports, studies, analyses, surveys, calculations, videos, sound files, photographs, image macros, memes, blog posts, internet articles, social media posts, internet comments, screenshots, blockchains, illustrations, diagrams, symbols, bulletins, circulars, telegrams, telexes, or any other reasonably similar representational thing, as well as any deleted copies of the aforesaid or drafts upon which have been placed any additional marks or notations. These requests seek all documents in your custody or constructive possession.

3.     "InfoWars," generically, means the brand name of the media organization founded by Alex Jones, whether operating as InfoWars LLC, Free Speech Systems LLC, or any other corporate name.

4.     "Instant messenger logs" means any written or electronic records reflecting the content of any online chat that offers real-time text transmission over the Internet.

5.     "Video" as used in these requests means any discrete and identifiable piece of InfoWars video content.

## PLAINTIFF'S FIRST SET OF ADMISSIONS
## TO DEFENDANT ALEX E. JONES

**REQUEST FOR ADMISSION NO. 1:** Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that as of June 26, 2017, you had the right to direct or control the work performed by employees of Free Speech Systems, LLC and InfoWars, LLC.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ALEX E. JONES

**INTERROGATORY NO. 1:** Describe your job duties, responsibilities, and authority with Free Speech Systems, LLC as of June 26, 2017.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe your job duties, responsibilities, and authority with InfoWars, LLC as of June 26, 2017.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe your education and training in journalism.

**ANSWER:**

**INTERROGATORY NO. 4:** Describe your process for ensuring that factual assertions made in InfoWars programming are vetted for accuracy as of June 26, 2017.

**ANSWER:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT ALEX E. JONES

**REQUEST FOR PRODUCTION NO. 1:** All communications, including letters, memoranda, emails, text messages, instant messenger logs, or other electronic communications in which the follow topics are referenced:

        a)  Neil Heslin or his son
        b)  Dr. Wayne Carver
        c)  Zero Hedge
        d)  Jim Fetzer

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All communications between you and Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding policies and procedures for the factual vetting for reporting on InfoWars programming.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All communications between you and Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding Megyn Kelly.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All contracts between you, Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC.

**RESPONSE:**

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## VERIFICATION

**STATE OF TEXAS** §

§

**COUNTY OF _____** §

    **BEFORE ME**, the undersigned notary public, on this day personally appeared ALEX E. JONES, known to me to be the person whose signature is affixed hereto, and swore and acknowledged to me that the answers to the above and foregoing answers to Interrogatories are true and correct to the best of his/her personal knowledge and belief.

_____

ALEX E. JONES

**SUBSCRIBED AND SWORN TO BEFORE ME**, this the _____ day of _____, 2018.

_____

Notary Public in and for the State of Texas

My Commission Expires:

_____

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, OWEN SHROYER

TO: Defendant, Owen Shroyer, by and through his attorney of record, Marc C. Enoch, Glast, Phillips & Murray, P.C., 14801 Quorom Drive, Ste.500, Dallas, Texas 75254.

COMES NOW, Neil Heslin, Plaintiff, in the above-styled and numbered cause, and serves the following Requests for Admissions, Requests for Interrogatories and Requests for Production to Defendant, Owen Shroyer, under the Texas Rules of Civil Procedure. Plaintiff hereby requests that answers and responses to the same be answered in writing under oath, within the time and manner prescribed by the applicable rules. Plaintiff further requests that Defendant produce the following documents, or things, within thirty (30) days of service of this request by either producing the original of such documents for examination and copying or delivering legible and accurate copies thereof to the office of the undersigned during usual business hours.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

MARK D. BANKSTON
State Bar No. 24071066

mark@fbtrial.com
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing instrument has been served on counsel of record in compliance with the Texas Rules of Civil Procedure on this 31st day of August, 2018 by facsimile, US Postal Mail, hand-delivery, and/or e-mail.

*Via E-Sevice: fly63rc@verizon.net*

Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

MARK D. BANKSTON

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.    "Communication" as used in these requests means the conveying or sharing of information, ideas, or feelings, by whatever medium, be it oral, written, electronic, or otherwise. These requests seek all communications in your custody or constructive possession.

2.    "Document" as used in these requests means all handwritten, typed, audio recorded, video recorded, or electronic representation of any kind, including legal instruments, agreements, letters, e-mails, text messages, notices, specifications, instructions, literature, books, magazines, newspapers, booklets, notes, notebooks, log books, diaries, memoranda, manuscripts, manifestos, data compilations, reports, studies, analyses, surveys, calculations, videos, sound files, photographs, image macros, memes, blog posts, internet articles, social media posts, internet comments, screenshots, blockchains, illustrations, diagrams, symbols, bulletins, circulars, telegrams, telexes, or any other reasonably similar representational thing, as well as any deleted copies of the aforesaid or drafts upon which have been placed any additional marks or notations. These requests seek all documents in your custody or constructive possession.

3.    "InfoWars," generically, means the brand name of the media organization founded by Alex Jones, whether operating as InfoWars LLC, Free Speech Systems LLC, or any other corporate name.

4.    "Instant messenger logs" means any written or electronic records reflecting the content of any online chat that offers real-time text transmission over the Internet.

5.    "Video" as used in these requests means any discrete and identifiable piece of InfoWars video content.

## PLAINTIFF'S FIRST SET OF ADMISSIONS
## TO DEFENDANT OWEN SHROYER

**REQUEST FOR ADMISSION NO. 1:** Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that on June 25-26, 2017, you knew it was possible that Neil Heslin held his dead son and saw a bullet wound to his forehead.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that on June 25-26, 2017, you had no legitimate basis to claim it was impossible for Neil Heslin to have held his dead son and saw a bullet wound to his forehead.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that as of June 26, 2017, you were employed by Free Speech Systems, LLC.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that as of June 26, 2017, Alex Jones had the right to direct or control the work you perform.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that as of June 26, 2017, agent(s) of InfoWars, LLC had the right to direct or control the work you perform.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT OWEN SHROYER

**INTERROGATORY NO. 1:** Identify every step you took in assessing the credibility of Jim Fetzer.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify every step you took in assessing the credibility of Zero Hedge.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe your education and training in journalism.

**ANSWER:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT OWEN SHROYER

**REQUEST FOR PRODUCTION NO. 1:** All communications, including letters, memoranda, emails, text messages, instant messenger logs, or other electronic communications in which the follow topics are referenced:

       a) Neil Heslin or his son
       b) Dr. Wayne Carver
       c) Zero Hedge
       d) Jim Fetzer

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All communications between you and Alex Jones, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding policies and procedures for the factual vetting for reporting on InfoWars programming.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All communications between you and Alex Jones, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding Megyn Kelly.

**RESPONSE:**

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## **VERIFICATION**

**STATE OF TEXAS**       §
                                          §
**COUNTY OF** _____  §

      **BEFORE ME**, the undersigned notary public, on this day personally appeared OWEN SHROYER, known to me to be the person whose signature is affixed hereto, and swore and acknowledged to me that the answers to the above and foregoing answers to Interrogatories are true and correct to the best of his/her personal knowledge and belief.

_____

OWEN SHROYER

**SUBSCRIBED AND SWORN TO BEFORE ME**, this the _____ day of _____, 2018.

_____

Notary Public in and for the State of Texas

My Commission Expires:

_____

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, FREE SPEECH SYSTEMS, LLC

TO:    Defendant, Free Speech Systems, LLC, by and through its attorney of record, Marc C. Enoch, Glast, Phillips & Murray, P.C., 14801 Quorom Drive, Ste.500, Dallas, Texas 75254.

COMES NOW, Neil Heslin, Plaintiff, in the above-styled and numbered cause, and serves the following Requests for Admissions, Requests for Interrogatories and Requests for Production to Defendant, Free Speech Systems, LLC, under the Texas Rules of Civil Procedure. Plaintiff hereby requests that answers and responses to the same be answered in writing under oath, within the time and manner prescribed by the applicable rules. Plaintiff further requests that Defendant produce the following documents, or things, within thirty (30) days of service of this request by either producing the original of such documents for examination and copying or delivering legible and accurate copies thereof to the office of the undersigned during usual business hours.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

MARK D. BANKSTON
State Bar No. 24071066
mark@fbtrial.com

KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing instrument has been served on counsel of record in compliance with the Texas Rules of Civil Procedure on this 31st day of August, 2018 by facsimile, US Postal Mail, hand-delivery, and/or e-mail.

*Via E-Sevice: fly63rc@verizon.net*

Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

_____
MARK D. BANKSTON

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1. "Communication" as used in these requests means the conveying or sharing of information, ideas, or feelings, by whatever medium, be it oral, written, electronic, or otherwise. These requests seek all communications in your custody or constructive possession, including communications in the custody of any employee or agent of Free Speech Systems LLC.

2. "Document" as used in these requests means all handwritten, typed, audio recorded, video recorded, or electronic representation of any kind, including legal instruments, agreements, letters, e-mails, text messages, notices, specifications, instructions, literature, books, magazines, newspapers, booklets, notes, notebooks, log books, diaries, memoranda, manuscripts, manifestos, data compilations, reports, studies, analyses, surveys, calculations, videos, sound files, photographs, image macros, memes, blog posts, internet articles, social media posts, internet comments, screenshots, blockchains, illustrations, diagrams, symbols, bulletins, circulars, telegrams, telexes, or any other reasonably similar representational thing, as well as any deleted copies of the aforesaid or drafts upon which have been placed any additional marks or notations. These requests seek all documents in your custody or constructive possession, including documents in the custody of any employee or agent of Free Speech Systems LLC.

3. "InfoWars," generically, means the brand name of the media organization founded by Alex Jones, whether operating as InfoWars LLC, Free Speech Systems LLC, or any other corporate name.

4. "Instant messenger logs" means any written or electronic records reflecting the content of any online chat that offers real-time text transmission over the Internet.

5. "Organizational chart" means a diagram that shows the structure of an organization and the relationships and relative ranks of its parts and positions/jobs.

6. "Video" as used in these requests means any discrete and identifiable piece of InfoWars video content.

**PLAINTIFF'S FIRST SET OF ADMISSIONS
TO DEFENDANT FREE SPEECH SYSTEMS, LLC**

**REQUEST FOR ADMISSION NO. 1:** Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that on June 26, 2017, Free Speech Systems, LLC knew it was possible that Neil Heslin held his dead son and saw a bullet wound to his forehead.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that Free Speech Systems, LLC was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that Free Speech Systems, LLC possesses intellectual property rights and copyright over the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT FREE SPEECH SYSTEMS, LLC

**INTERROGATORY NO. 1:** Identify all persons answering or supplying information used in answering these discovery requests and identify their job duties at Free Speech Systems, LLC.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify every employee or agent of Free Speech Systems, LLC who was involved in the creation, research, editing, marketing, funding, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece," and describe their specific role.

**ANSWER:**

**INTERROGATORY NO. 3:** For each person who had ownership interest in Free Speech Systems, LLC on June 26, 2017, state:

- a) their full name
- b) the date(s) upon which the person acquired their ownership interest.
- c) the kind of consideration paid or promised for the ownership interest and the date(s) on which it was paid or promised.
- d) the percentage of that individual's ownership interest.
- e) whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of Free Speech Systems, LLC, and, if so, the identity of the other person and the nature of the relationship.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify each person who has served as an officer, director, or management-level employee of Free Speech Systems, LLC at any time during the past five years.

**ANSWER:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT FREE SPEECH SYSTEMS, LLC

**REQUEST FOR PRODUCTION NO. 1:** A copy of all documents relating to Sandy Hook which have been deleted or removed from public availability since the inception of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents or communications which reference the following topics:

        a)     Neil Heslin or his son
        b)     Dr. Wayne Carver
        c)     Zero Hedge
        d)     ZeroPointNow
        e)     iBankCoin.com
        f)     Jim Fetzer

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Transcripts of all InfoWars videos in which the Plaintiff is discussed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** A copy of all articles featuring Sandy Hook posted on a website operated under the brand name "InfoWars" from December 14, 2012 to June 25, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents or communications relating to the July 20, 2017 video in which the June 26 video featuring Mr. Shroyer was re-published.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents relating to disciplinary or corrective actions taken against any employee or agent of InfoWars due to the publication of false or incorrect information during the past ten years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents used to train or instruct InfoWars' employees of the vetting of factual information for publication, as in effect on June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents reflecting policies for the factual vetting of information published by InfoWars, as in effect on June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents setting forth InfoWars' editorial standards or guidelines, as in effect on June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents setting forth InfoWars' prior or superseded editorial standards or guidelines, as in effect between December 14, 2012 and June 25, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents setting forth InfoWars' disciplinary rules or code of conduct for reporters and editorial staff, as in effect on June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents setting forth InfoWars' prior or superseded disciplinary rules or code of conduct for reporters and editorial staff, as in effect between December 14, 2012 and June 25, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Owen Shroyer's employment agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** An organizational chart for Free Speech Systems, LLC as of June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents or communications reflecting the ownership of The Alex Jones Show, InfoWars.com, the InfoWars' brand, and its related intellectual property from 2017 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All contracts in effect between Free Speech Systems, LLC and InfoWars, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All incorporating documents for Free Speech Systems, LLC, including article of incorporation, bylaws, certificate of incorporation, and notice of incorporation.

RESPONSE:

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF** _____ §

    **BEFORE ME**, the undersigned notary public, on this day personally appeared _____, known to me to be the person whose signature is affixed hereto, and swore and acknowledged to me that the answers to the above and foregoing answers to Interrogatories are true and correct to the best of his/her personal knowledge and belief.

_____

AFFIANT

**SUBSCRIBED AND SWORN TO BEFORE ME**, this the _____ day of _____, 2018.

_____

Notary Public in and for the State of Texas

My Commission Expires:

_____

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, INFOWARS, LLC

TO:     Defendant, InfoWars, LLC, by and through its attorney of record, Marc C. Enoch, Glast, Phillips & Murray, P.C., 14801 Quorom Drive, Ste.500, Dallas, Texas 75254.

COMES NOW, Neil Heslin, Plaintiff, in the above-styled and numbered cause, and serves the following Requests for Admissions, Requests for Interrogatories and Requests for Production to Defendant, InfoWars, LLC, under the Texas Rules of Civil Procedure. Plaintiff hereby requests that answers and responses to the same be answered in writing under oath, within the time and manner prescribed by the applicable rules. Plaintiff further requests that Defendant produce the following documents, or things, within thirty (30) days of service of this request by either producing the original of such documents for examination and copying or delivering legible and accurate copies thereof to the office of the undersigned during usual business hours.

Respectfully submitted,

**KASTER LYNCH FARRAR & BALL, LLP**

MARK D. BANKSTON
State Bar No. 24071066
mark@fbtrial.com

KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing instrument has been served on counsel of record in compliance with the Texas Rules of Civil Procedure on this 31st day of August, 2018 by facsimile, US Postal Mail, hand-delivery, and/or e-mail.

*Via E-Sevice: fly63rc@verizon.net*

Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

MARK D. BANKSTON

## DEFINITIONS

As used herein, the words defined below shall be deemed to have the following meanings:

1.  "Communication" as used in these requests means the conveying or sharing of information, ideas, or feelings, by whatever medium, be it oral, written, electronic, or otherwise. These requests seek all communications in your custody or constructive possession, including communications in the custody of any employee or agent of InfoWars LLC.

2.  "Document" as used in these requests means all handwritten, typed, audio recorded, video recorded, or electronic representation of any kind, including legal instruments, agreements, letters, e-mails, text messages, notices, specifications, instructions, literature, books, magazines, newspapers, booklets, notes, notebooks, log books, diaries, memoranda, manuscripts, manifestos, data compilations, reports, studies, analyses, surveys, calculations, videos, sound files, photographs, image macros, memes, blog posts, internet articles, social media posts, internet comments, screenshots, blockchains, illustrations, diagrams, symbols, bulletins, circulars, telegrams, telexes, or any other reasonably similar representational thing, as well as any deleted copies of the aforesaid or drafts upon which have been placed any additional marks or notations. These requests seek all documents in your custody or constructive possession, including documents in the custody of any employee or agent of InfoWars LLC.

3.  "InfoWars," generically, means the brand name of the media organization founded by Alex Jones, whether operating as InfoWars LLC, Free Speech Systems LLC, or any other corporate name.

4.  "Organizational chart" means a diagram that shows the structure of an organization and the relationships and relative ranks of its parts and positions/jobs.

5.  "Video" as used in these requests means any discrete and identifiable piece of InfoWars video content.

## PLAINTIFF'S FIRST SET OF ADMISSIONS
## TO DEFENDANT INFOWARS, LLC

**REQUEST FOR ADMISSION NO. 1:** Admit that InfoWars, LLC was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that InfoWars, LLC possesses intellectual property rights and copyright over any part of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that InfoWars, LLC has the authority to remove content from InfoWars.com if InfoWars, LLC determines that the content violates the rights of others or is not appropriate for the website.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT INFOWARS, LLC

**INTERROGATORY NO. 1:** Identify all persons answering or supplying information used in answering these discovery requests and identify their job duties at InfoWars, LLC.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe the business purpose of InfoWars, LLC.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe all the ways in which InfoWars, LLC generates revenue.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify every employee or agent of InfoWars, LLC who was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece," and describe their specific role.

**ANSWER:**

**INTERROGATORY NO. 5:** Does InfoWars, LLC share office space with any other named party?

**ANSWER:**

**INTERROGATORY NO. 6:** Does InfoWars, LLC share common employees with any other named party?

**ANSWER:**

**INTERROGATORY NO. 7:** Has an employee or agent of InfoWars, LLC ever rendered services on behalf on any named other party, or has an employee or agent of any named party ever rendered services on behalf on InfoWars, LLC? Describe.

**ANSWER:**

**INTERROGATORY NO. 8:** Has InfoWars, LLC ever made an undocumented transfer of funds to any named party, or has any named party ever made an undocumented transfer of funds to InfoWars, LLC? Describe.

**ANSWER:**

**INTERROGATORY NO. 9:** For each person who had ownership interest in InfoWars, LLC on June 26, 2017, state:

   a)     their full name.

   b)     the date(s) upon which the person acquired their ownership interest.

   c)     the kind of consideration paid or promised for the ownership interest and the date(s) on which it was paid or promised.

   d)     the nature of percentage of that individual's ownership interest.

   e)     whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of InfoWars, LLC, and, if so, the identity of the other person and the nature of the relationship.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify each person who has served as an officer, director, management-level employee of InfoWars, LLC at any time during the past five years.
or

**ANSWER:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT INFOWARS, LLC

**REQUEST FOR PRODUCTION NO. 1:** An organizational chart for InfoWars, LLC as of June 26, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All contracts in effect between InfoWars, LLC and any

other party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents in the possession of InfoWars, LLC regarding the ownership, management, or administration of the InfoWars.com website.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All incorporating documents for InfoWars, LLC, including article of incorporation, bylaws, certificate of incorporation, and notice of incorporation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents or communications reflecting the ownership of The Alex Jones Show, InfoWars.com, the InfoWars brand, and its related intellectual property from 2017 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**: All contracts in effect between Free Speech Systems, LLC and InfoWars, LLC.

**RESPONSE**:

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN<br>   *Plaintiff* | §<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC,<br>FREE SPEECH SYSTEMS, LLC, and<br>OWEN SHROYER,<br>   *Defendants* | §<br>§<br>§<br>§<br>§ | 261st DISTRICT COURT |

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF** _____ §

    **BEFORE ME**, the undersigned notary public, on this day personally appeared _____, known to me to be the person whose signature is affixed hereto, and swore and acknowledged to me that the answers to the above and foregoing answers to Interrogatories are true and correct to the best of his/her personal knowledge and belief.


_____
AFFIANT

**SUBSCRIBED AND SWORN TO BEFORE ME**, this the _____ day of _____, 2018.


_____
Notary Public in and for the State of Texas

My Commission Expires:

_____

9/11/2018 3:12 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-001835**
**Raeana Vasquez**

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

### DEFENDANTS' REQUEST FOR RULINGS
### ON TIMELY FILED OBJECTIONS TO PLAINTIFF'S EVIDENCE

COME NOW, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer (collectively, the "Defendants"), and hereby file this their Request for Rulings on Timely Filed Objections to Plaintiff's Evidence and in support of same would respectfully show this Honorable Court as follows:

Defendants filed their Motion to Dismiss Under the Texas Citizens Participation Act (Act) in this case on July 13, 2018. Notice of the hearing date of August 30, 2018 on that motion was sent to Plaintiffs on July 19, 2018. Plaintiffs filed their Response to Defendants' Motion to Dismiss under the Texas Citizens Participation Act and attached affidavits on August 27, 2018. Prior to the date of the hearing, on August 29, Defendants served and filed their Objections to Plaintiff's Evidence Submitted in Response to Defendants' Motion to Dismiss Under the Texas Participation Act.

On August 17, 2018 Plaintiff filed his Motion for Sanctions and Motion for Expedited Discovery.  On August 23, 2018 Defendants filed their Response to these motions and Defendants amended this Response on August 27, 2018 and the Court set those motions and responses for hearing at the same time as it was to hear the Defendants' TCPA motion.  For all

these motions, the Court allotted each side approximately one hour to present argument and evidence.

Though prepared to argue at the hearing Defendants' objections to Plaintiff's evidence submitted prior to the hearing, at the hearing on August 30 it was clear that there would be insufficient time to argue the objections. Under §27.005 of the Act, this Court must rule on Defendants' motion no later than the thirtieth (30th) day after that hearing.

Defendants formally request that this Honorable Court make its rulings on all of their objections prior to its ruling on the motion.[1]

## PRAYER

Wherefore, Defendants pray that this Honorable Court make and enter its rulings on Defendants' Objections to Plaintiff's Evidence Submitted in Response to Defendants' Motion to Dismiss before it rules on Defendants' Motion to Dismiss under the Texas Citizens Participation Act, that the Court sustain those objections and strike the related evidence and that the Court make such other rulings as it deems just and equitable.

---

[1] A proposed order is attached hereto for the convenience of the Court.

Respectfully submitted,

GLAST, PHILLIPS & MURRAY, P.C.


_____/s/ Mark C. Enoch_____
Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:      972-419-8366
Facsimile:       972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on September 11, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002


_____/s/ Mark C. Enoch_____
Mark C. Enoch

NO. D-1-GN-18-001835

| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| *Plaintiff*, | § § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, and OWEN SHROYER, | § § § § | |
| *Defendants* | § § | 261st JUDICIAL DISTRICT |

**ORDER ON DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO DEFENDANTS' MOTION
TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT**

CAME ON TO BE HEARD on the 30th day of August, 2018, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer's Motion to Dismiss Under the Texas Citizens Participation Act.  The Court having considered the Defendants' Objections to Plaintiff's Evidence submitted in response to Defendants' Motion and having heard the argument of counsel, the Court finds as to the Defendants' Objections to Plaintiff's Evidence submitted in Response to Defendants' Motion as follows:

1.   **OBJECTIONS TO AFFIDAVIT OF FRED ZIPP**

| Zipp Affidavit Exhibits A-1 to A-23 | Objections | Court's Ruling on Objection | |
|---|---|---|---|
| Exhibits A-1 to A-23 | Hearsay Tex. R. Evid. R. 802 | Overruled | Sustained |
| Exhibits A-1 to A-23 | Not relevant – Tex. R. Evid. R. 402 | Overruled | Sustained |
| Exhibits A-1 to A-23 | Prejudice outweighs relevance – Tex. R. Evid. 403 | Overruled | Sustained |
| Exhibits A-1 to A-23 | Violates best evidence rule Tex. R. Evid. R. 1002, 1003 | Overruled | Sustained |
| Exhibits A-1 to A-23 | No authentication – Tex. R. Evid. R. 901 | Overruled | Sustained |

**Objections to Specific Statements**

| Affidavit Statements | Objections | Court's Ruling on Objection | |
|---|---|---|---|
| Page 1, First paragraph under Scope of Review "whether assertions could be responsibly published" | Lack of foundation/predicate | Overruled | Sustained |
| | Not Relevant | Overruled | Sustained |
| | Vague and Ambiguous | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| 8 bullet points under Scope of Review | Lack of foundation/predicate | Overruled | Sustained |
| | Lack of identification of materials reviewed | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Page 2, First paragraph under Background Knowledge of InfoWars, second sentence | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Second paragraph under Background Knowledge of InfoWars "significant amount of time" | Vague and Ambiguous | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Second paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Third paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Violates TRE 404 | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Fourth paragraph under Background Knowledge of Infowars, | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of predicate/foundation | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 3, First paragraph under number 1, first sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Statements of what was in June 26 and July 20 videos are hearsay, lack a foundation and predicate and are not complete | Overruled | Sustained |
| | Best evidence rule | Overruled | Sustained |
| Page 3, middle three paragraphs | Violates TRE 1002 – best evidence rule | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Last paragraph under number 1 at bottom of page 3 and continuing to page 4 beginning "My review…" | Statements of what was in June 26 and July 20 videos are hearsay, lack a foundation and predicate and are not complete | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Paragraph beginning "My review…" | Speculation | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Violates TRE 403 | Overruled | Sustained |
| Same paragraph, fourth and fifth sentence | Not relevant | Overruled | Sustained |
| | Not probative | Overruled | Sustained |
| | Improper opinion of expert on question of law | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Speculation | Overruled | Sustained |
| Under "Opinions" Page 4, first paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 5, 1st paragraph | Not relevant | Overruled | Sustained |

|  | violates TRE 404 | Overruled | Sustained |
|---|---|---|---|
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 5, 2nd paragraph | Not relevant | Overruled | Sustained |
|  | violates TRE 404 | Overruled | Sustained |
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 6, 1st paragraph | Not relevant | Overruled | Sustained |
|  | violates TRE 404 | Overruled | Sustained |
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | | |
| p. 6, 2nd paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 7, 1st paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 7, under A., 1st paragraph | Not relevant | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |

|  |  |  |  |
|---|---|---|---|
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 7 second paragraph through penultimate paragraph on p. 13 | Hearsay TRE 801 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|  | Repeating videos needless presentation of cumulative evidence TRE 403 | Overruled | Sustained |
|  | Not relevant TRE 402 | Overruled | Sustained |
|  | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| p. 7, last paragraph, 1st sentence, "numerous false and irresponsible claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 7, 1st full paragraph, "false statements" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | | |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 10, 2nd paragraph, 1st sentence "false claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 10, last paragraph, "prior false claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Improper for opinion witness just choosing sides on the case outcome.  *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 11, last paragraph, 2nd sentence – "numerous false claims . . . made over the years" | Not relevant TRE 402 | Overruled | Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome.  *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 12, last paragraph – "false claims … chilling finale" | Not relevant -- TRE 402 | Overruled | Sustained |
| | No predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | specialty -- TRE 702 | | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule -- TRE 1002, 1003 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 13, 1st full paragraph – "is the subject of a separate lawsuit . . . De La Rosa" | Not relevant TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 13, 1st full paragraph, 2nd sentence – "false accusation" | Not relevant TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |

ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT – Page 10

|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|---|---|---|---|
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 13, 2nd full paragraph, 3rd sentence – "waffled on" | Not relevant TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 14, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
|  | Speculation, no predicate of | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | personal knowledge -- TRE 602 | | |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 14, 2nd full paragraph | Opinion not relevant -- TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 14, 3rd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Last sentence and quote: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|---|---|---|---|
| p. 14, last paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 15, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Last sentence and quote: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | relevance – TRE 403 <br><br> Violates best evidence rule TRE 1002, 1003 | | |
| p. 15, 2nd full paragraph | Opinion not relevant -- TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, heading at 2. | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, under heading 2, 1st paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, heading A | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | personal knowledge -- TRE 602 | | |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, last paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04- | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | 03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Sentences 5, 6, 7, 8, & 9: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, 1st paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 16, heading B | Opinion not relevant TRE 402 | Overruled | Sustained |

|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|---|---|---|---|
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 16, 2nd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, 3rd full paragraph with indent | Opinion not relevant TRE 402 – "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Conclusory without bases – TRE 703 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |

|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
|---|---|---|---|
|  | Hearsay TRE 802 | Overruled | Sustained |
|  | Not relevant – TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, last paragraph and photo on page 17 | Opinion not relevant TRE 402 – "purported" | Overruled | Sustained |
|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|  | No authentication – TRE 901 -- photo | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04- | Overruled | Sustained |

| | 03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
|---|---|---|---|
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 17, 1st full paragraph with indent | Opinion not relevant TRE 402 – "bizarre," "anti-Semitic rants" | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 17, last full paragraph an 1st photo on p. 18 | Opinion not relevant TRE 402 – "obsessed" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | No authentication – TRE 901 - photo | Overruled | Sustained |
| p. 18, only paragraph and photo | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 1st paragraph | Opinion not relevant TRE 402 – "no rational journalist," "for anything," "improbable," "uncritical," "reckless," "deceptive" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, heading C | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 2nd full paragraph | Opinion not relevant TRE 402 – "wild," falsehoods," "debunked," "malicious" | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 – "five years" | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 3rd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Ambiguous and vague – "made a variety of factual allegations," "various claims," "wide variety" | Overruled | Sustained |
| p. 19, 4th full paragraph | Opinion not relevant TRE 402 – "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 -- "ample," "enormous," extreme," | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | | |
| | Outside scope of expert specialty -- TRE 702 -- "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Vague and ambiguous -- "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | "reasonable," "entertain serious doubts," "desire to mislead" | | |
| p. 19, heading D | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Ambiguous and vague | Overruled | Sustained |
| p. 19, last paragraph, continuing to p. 20 – "rise to notoriety," "coincided," "boast," "considered by many" | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | specialty -- TRE 702 | | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, 1st full paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |

|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
|---|---|---|---|
| p. 20, 2nd full paragraph | Hearsay TRE 802 | Overruled | Sustained |
|  | Statements not relevant – TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, 3rd full paragraph | Hearsay TRE 802 | Overruled | Sustained |
|  | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|  | Statements not relevant – TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, last paragraph and photo on p. 21 | Opinion not relevant TRE 402 – "similar" | Overruled | Sustained |
|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Hearsay TRE 802 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | No authentication or predicate for photo – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 21, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| p. 21, after Conclusion – "evidence I have reviewed," "failed to use reasonable care," "entertained serious doubts," "acting with intent to deceive," "reckless disregard," "falsity," "harmful," "subject him to public contempt, hate or ridicule" | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Vague and ambiguous. | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | | |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Vague and ambiguous | Overruled | Sustained |

**2.     OBJECTIONS TO AFFIDAVIT OF BROOKE BINKOWSKI**

| Binkowski Affidavit | Objections | Court's Ruling on Objection |
|---|---|---|
| Qualifications | No predicate to show expert qualifications.  TRE 702 | Overruled          Sustained |
| Relevance; Question of Law | Issue of whether Defendants defamed Plaintiff by *innuendo*, this is a question of law.  TRE 702 | Overruled          Sustained |
| | Ms. Binkowski's statement (last paragraph on page 2) to the effect that a viewer "could reasonably interpret these comments as asserting that the Sandy Hook shooting was staged and that [Plaintiffs] were not real parents" is an opinion on a question of law and no bases.  TRE 702, 703 | Overruled          Sustained |
| | Ms. Binkowski's last opinion (on page 3), that "this"  "fits a larger pattern of behavior [of routinely denigrating victims of shootings]"  - Not relevant TRE 402 | Overruled          Sustained |
| | Ms. Binkowski does not identify the data; conclusory, no bases TRE 704 | Overruled          Sustained |

The Court further finds as to Ms. Binkowski's opinion as follows:

| | Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|---|
| | 11 | Not relevant TRE 402 | Overruled  Sustained |
| | | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
| | | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 14 | Not relevant TRE 402 | Overruled  Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled  Sustained |
| | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 16 | Not relevant TRE 402 | Overruled  Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | "significant:" Conclusory without bases – TRE 703 | Overruled  Sustained |

| 17 | Not relevant – TRE 401, 402 | Overruled  Sustained |
|---|---|---|
| 18 | Not relevant TRE 402 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | "notable," "not consistently" -- Conclusory without bases – TRE 703 | Overruled  Sustained |
| 19 | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| 20 | Not relevant TRE 402 | Overruled  Sustained |
| | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
| | "ambiguous," "reasonably" -- Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 21 | Not relevant & no assistance to fact | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | finder – TRE 401, 402, 702 | | |
| | No predicate for expert testimony – TRE 703 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 22 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| 23 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |

| 24 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 25 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – | Overruled  Sustained |

| | | |
|---|---|---|
| | TRE 901 Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 27 | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| 28 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 29 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Hearsay – TRE | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | 801(d), 802 | | |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| 30 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 31 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled | Sustained |

| | | |
|---|---|---|
| | knowledge – TRE 701, 702, 703 | |
| 32 | "callously," "sickening," and "own opinion" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 33 | "own assertion," "false," "not contradicted" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – | Overruled  Sustained |

| | | |
|---|---|---|
| | TRE 1001, 1002, 1007 | |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 34 | "deceptively edited" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 34 | "deceptively" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |

|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | No authentication – TRE 901 | Overruled  Sustained |
|  | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 35 | "reinforces" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | No authentication – TRE 901 | Overruled  Sustained |
|  | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 36 | Opinion not relevant | Overruled  Sustained |

| | | |
|---|---|---|
| | & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 701, 702, 703 | Overruled  Sustained |
| 37 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | "continuously debunked"-- Conclusory, lack of | Overruled  Sustained |

| | | |
|---|---|---|
| | foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | |
| 38 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 39 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 40 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled  Sustained |

| | | |
|---|---|---|
| | knowledge – TRE 701, 702, 703 | |
| 41 | "likewise traffics fake news" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 42 | Not relevant – TRE 401, 402 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled  Sustained |

| | | |
|---|---|---|
| | knowledge – TRE 701, 702, 703 | |
| 43 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 44 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 45 | Invades province of the fact finder –  TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 702, *GTE*, 998 S.W. 2d 605, 620 | |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 46 | Not relevant – TRE 402 | Overruled  Sustained |
| | Relevance outweighed by unfair prejudice, confusion, & misleading – TRE 403 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 47 | "fake news items" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 48 and two photos | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 49 | "fake news" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 701, 702, 703 | Overruled  Sustained |

| | | |
|---|---|---|
| 50 | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 51 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 52 | "fake news," "dangerous," "conspiracy" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to intent – TRE 701, 702, 703 | Overruled  Sustained |
| 53 | "intentionally deceptive," "recklessly disregarded," "deceptive" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 602, 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 54 | "outlandish," "inherently improbable," | Overruled  Sustained |

| | | |
|---|---|---|
| | "obviously dubious" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 55 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | speculation as to state of mind – TRE 701, 702, 703 | | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| 56 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| 57 | "directly contradicts" | Overruled | Sustained |

|  | | |
|---|---|---|
| | -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 58 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance outweighed by unfair | Overruled  Sustained |

|  | prejudice, confusion, misleading and cumulative – TRE 403 | |
|---|---|---|
| 59 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | No authentication – TRE 901 | Overruled  Sustained |
|  | Hearsay – TRE 802 | Overruled  Sustained |
|  | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 | Overruled  Sustained |
| 60 | "too suggest" some fact -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | No authentication – TRE 901 | Overruled  Sustained |
|  | Hearsay – TRE 802 | Overruled  Sustained |
|  | Conclusory, lack of | Overruled  Sustained |

| | | |
|---|---|---|
| | foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | |
| | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 | Overruled  Sustained |
| 61 | "dishonest" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 403<br><br>Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 62 | "clear" "chose not to do so" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to state of mind – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance | Overruled  Sustained |

| | | |
|---|---|---|
| | outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 63 | "clear" "deceptively edited" "give the appearance"  -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 701, 702, 703 | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 64 | "abundance of primary sources" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 65 | "no reasonable basis" -- Opinion not relevant & no | Overruled  Sustained |

| | | |
|---|---|---|
| | assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 66 | "only way a journalist could support" "intentionally distorting" "source material demonstrates that is exactly what occurred in this case" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 67 | "video contains no such statements" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 701, 702, 703 | |
| 68 | "injurious motive" "clearly an attack" "pleaded" "false" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 69 | "clearly provoked a retaliation" -- | Overruled  Sustained |

| | | |
|---|---|---|
| | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to state of mind – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 70 | "clear" "part of ongoing effort to support and justify" "vile five-year lie" -- Opinion not relevant | Overruled  Sustained |

| | | |
|---|---|---|
| | & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 71 | "in horror" "repeatedly" "systematically" "distorted" "misrepresented" "false" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |

ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT – Page 64

|  | | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|---|---|---|---|
|  | | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | | Hearsay – TRE 802 | Overruled  Sustained |
|  | | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | |
|  | | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 72 | | "clear" "in bad faith" "utter contempt for the truth" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
|  | | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | | Conclusory, lack of foundation/predicate, | Overruled  Sustained |

| | | |
|---|---|---|
| | lack of personal knowledge – TRE 701, 702, 703 | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |

### 3.  OBJECTIONS TO AFFIDAVIT OF NEIL HESLIN

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|
| Paragraph 2 | Mr. Heslin's assertion, without specifying what publications he claims constitute "lies" make his assertion irrelevant and thus inadmissible under Tex. R. Evid. R. 401.  The assertion also violates the "best evidence" rule (Tex. R. Evid. R. 1002).  Mr. Heslin's assertion without specifying what "occasions" make his assertion irrelevant and thus inadmissible under Tex. R. Evid. R. 401.  The assertion also violates the "best evidence" rule (Tex. R. Evid. R. 1002). | Overruled  Sustained |
| Paragraph 4 | This paragraph is evidently calculated to portray Mr. Heslin as not a public figure or quasi-public figure.  As such it is irrelevant under Tex. R. Evid. R. 401 and R. 701 because whether someone is a public figure is a | Overruled  Sustained |

| | | |
|---|---|---|
| | question of law for the Court. See *Klentzman v. Brady*, 312 S.W.3d 886, 904 (Tex. App. - Houston [1st Dist.] 2009, no pet.) Also Mr. Heslin's subjective intent is irrelevant; whether he is a public figure can only be determined by compiling and analyzing objective facts. Accordingly this paragraph is irrelevant under Tex. R. Evid. R. 401 and R. 701. | |
| Paragraphs 5, 6 | Relevance (Tex. R. Evid. R. 401). Whether Mr. Heslin was invited or sought out the public fora doesn't matter.  No one told him he had to give interviews; he was not under subpoena.  As long as he was not coerced, only the fact that he made public appearances matters. | Overruled  Sustained |
| Paragraphs 7 - 14 | Relevance, Tex. R. Evid. R. 401. Mr. Heslin's subjective feelings, motive and intent are irrelevant; it's what he did that matters. | Overruled  Sustained |
| Paragraph 15 | The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best evidence rule (Tex. R. Evid. R. 102). | Overruled  Sustained |
| Paragraph 16 | Relevance, Tex. R. Evid. R. 401. This is Mr. Heslin's own summary of his actions and reactions. | Overruled  Sustained |
| Paragraph 17 | Relevance, Tex. R. Evid. R. 401. Mr. Heslin's subjective feelings, motive and intent are irrelevant; it's what he did that matters.  The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best | Overruled  Sustained |

| | evidence rule (Tex. R. Evid. R. 1002). | |
|---|---|---|
| Paragraphs 18 - 21 | The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best evidence rule (Tex. R. Evid. R. 1002). | Overruled  Sustained |
| Paragraphs 22 - 27 | In these paragraphs Mr. Heslin attempts to present evidence to establish mental anguish as an element of damages.  These paragraphs are irrelevant and inadmissible under Tex. R. Evid. R. 401 because the substantive law applicable to such damages, and in defamation cases in particular, makes the averments irrelevant.<br><br>• Mental anguish damages may not be recovered in a *per quod* case. Mr. Heslin has alleged – but has produced no evidence to establish-defamation *per se*.<br>• Perhaps words cannot describe the mental anguish Mr. Heslin has sustained as a result of the death of his son, but that does not mean it does not exist. However, Mr. Heslin does not take this into account.  In paragraphs 26 and 27 he attempts to | Overruled  Sustained |

|  |  | attribute his alleged mental anguish to the June 26, 2017 publication alone and provides no evidence of how this was caused by that video. |  |
|  |  | • In the entirety of paragraphs 21 -27 Mr. Heslin fails to account for other actors who may have caused his alleged mental anguish.  Mr. Heslin is attributing to this publication the criminal activity of others over whom Defendants have no control and provides no evidence of how this was caused by that video. |  |
|  |  | • As for out-of-pocket expenses (paragraphs 28-31) Mr. Heslin's declaration does not amount to legally sufficient evidence because (1) the evidence that the publication at issue was a producing cause or a proximate cause is legally insufficient to establish that Mr. Heslin's need for |  |

|  | counseling was a result of the publication and not something else; the evidence is legally insufficient to establish a temporal nexus between the publication and the counseling thus raising the inference that the counseling was a result of the publication and not something else (paragraph 28). The same is true of the other expenses (paragraphs 29-31): even assuming that Mr. Heslin's security concerns were justified, the evidence that the publication – and not the actions of others – was a producing cause is legally insufficient; (2) There is no evidence that these out-of-pocket expenditures were reasonable in amount. |  |
|---|---|---|

### 4.    OBJECTIONS TO AFFIDAVIT OF H. WAYNE CARVER, II, M.D.

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|
| Paragraphs 3 – 10 | Relevance; The averments of these paragraphs do not make any relevant fact more likely than not and do not aid the fact-trier in resolving any issue.  Thus these statements are irrelevant under Tex. R. Evid. R. 401 and 701. | Overruled  Sustained |
| Paragraph 11 | Dr. Carver's professed "familiar[ity]" with Defendants is irrelevant under Evid. Rules 401 and 701.  He does not state the source of his averred familiarity.  Is he a regular viewer?  Or is his "familiar[ity]" based on what others have told him?  (In which case his averment is inadmissible hearsay.)  The second sentence of paragraph 11 is objectionable for the same reasons.  The third sentence is objectionable because (a) Newtown, Connecticut's at-large population is not a party to this case so any community feeling of angst is irrelevant (Tex. R. Evid. R. 401); (b) Dr. Carver does not state his qualifications to express an opinion on public sentiment in Newtown, Connecticut; and (c) Dr. Carver does not state the underlying basis for his opinion. | Overruled  Sustained |
| Paragraphs 12 and 13 | Relevance (Tex. R. Evid. R. 401); Authenticity (Tex. R. Evid. R. 1002) Dr. Carver does not adequately establish that what he viewed is the | Overruled  Sustained |

| | | |
|---|---|---|
| | original publication or some other iteration. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | |
| Paragraphs 14 – 17 | Relevance (Tex. R. Evid. R. 401) Whether a statement is defamatory is a question of law for the Court. His opinion is therefore not probative. See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987). The test is how the statement would be construed by the average reasonable person or the general public. See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ). Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). <br><br> Whether Dr. Carver is an "average reasonable person," or falls in some other category, his idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. | Overruled  Sustained |

| Paragraph 18 | Relevance (Tex R. Evid. R. 401, 701 and 703) Dr. Carver does not state any facts that support his opinion. His "personal involvement" is too vague to comprise an adequate basis for his opinion. | Overruled  Sustained |
|---|---|---|
| Paragraphs 19 – 21 | Relevance (Tex. R. Evid. R. 401)    Whether a statement is defamatory is a question of law for the Court.  His opinion is therefore not probative.  See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987).  The test is how the statement would be construed by the average reasonable person or the general public.  See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ).    Whether Dr. Carver is an "average reasonable person," or falls in some other category, his idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | Overruled  Sustained |

## 5.    OBJECTIONS TO AFFIDAVIT OF SCARLETT LEWIS

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|

| Bullet points 5-10 | Ms. Lewis sets out her "understanding[s]" derived from watching a youtube video. None of her alleged understandings is relevant under Tex. R. Evid. R. 401 because whether a statement is defamatory is a question of law. Whether a statement is defamatory is a question of law for the Court. Her "understanding" (*ie.* opinion) is therefore not probative. See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987). The test is how the statement would be construed by the average reasonable person or the general public. See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ). Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | Overruled  Sustained |
| | Whether Ms. Lewis is an "average reasonable person," or falls in some other category, her idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | |

### 4.    OBJECTIONS TO AFFIDAVIT OF JOHN CLAYTON

| Affidavit Objections | Court's Ruling on Objection |
|---|---|
| ***Rule 703 Relevance***<br>The issue before the Court is whether the 2017 publication made the basis of this case is defamatory.  This is a question of law.  See *Bently v. Bunton*, 94 S.W.3d 561, 580 (Tex. 2003); *Campbell v. Clark*, 471 S.W.3d 615, 624 (Tex. App. – Dallas 2015, no pet.);  *Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App. – Dallas 2011, no pet.).   Mr. Clayton's unsupported opinions regarding Mr. Jones's fidelity to some unidentified journalistic standard(s) has no bearing on this issue.<br>         There is no basis for Mr. Clayton's implied premise that persons who disseminate information through the use of social media (or "alternative media" in Mr. Clayton's words) are to be held to the same standards of journalism as print or electronic (radio, TV) reporters.  Indeed, there is much debate and no consensus on the question.  This Court is not the forum for resolving this issue. | Overruled  Sustained |
| ***Reliability***<br>Mr. Clayton's tirade against his former employer is filled with conclusions, but is woefully short on facts to support his opinions.  From the affidavit, it appears that Mr. Clayton last worked for or with Mr. Jones some nine years ago.  (Affidavit paragraph 5)  It does not appear that Mr. Clayton is familiar with the publications | Overruled  Sustained |

| | |
|---|---|
| at issue in this case.  One of the requisites of reliability is that the opinion testimony must be tied to the facts of the case.  *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 629 (Tex. 2002).  It is difficult to see how Mr. Clayton's testimony can meet this test when he does not even profess to have any knowledge of those facts. | |
| **Rule 404 Relevance**<br>The accusations that Mr. Jones "no longer had any commitment to the principles and philosophy of the independent media movement (*Id.*, paragraph 6)," "it became apparent that he made a conscious decision not to care about accuracy" (*Id.*, paragraph 8) and "it become [sic] standard practice in InfoWars to disregard basic protocols in journalism" (*Id.*, paragraph 9) violate Tex. R. Evid. R. 404(a)(1) prohibiting evidence of a character trait to prove that in a particular instance the actor acted in accordance with that trait. | Overruled  Sustained |
| **Rule 406 Relevance**<br>For evidence of routine or habit to be admissible under Rule 406, it must establish a regular response to a repeated specific situation.  See *Ortiz v. Glusman*, 334 S.W.3d 812, 816 (Tex. App. – El Paso 2011, pet. den.); *Johnson v. City of Houston*, 928 S.W.2d 251, 254 (Tex. App. – Houston [14th Dist.] 1996 no writ).  Although Mr. Clayton alludes to many occasions, he cites no examples.  This Court must take his word that they exist and that the undescribed incidents | Overruled  Sustained |

| | |
|---|---|
| are sufficiently similar. | |
| ***Rule 403 Relevance***<br>Even if the Court determines that the undescribed (as to time, place, parties or substance) incidents are relevant, the prejudice of allowing Mr. Clayton's testimony is far outweighed by the danger of unfair prejudice and confusing the issues.  In order to determine admissibility, the Court would have to try each instance to determine whether it occurred and whether it evidences malice toward the truth in connection with the publication made the basis of this case.  Certainly Mr. Clayton has no right to usurp the Court's duties in this regard by substituting his judgment for the Court's.<br><br>If the undescribed incidents are inadmissible, because Plaintiffs have failed to make any showing that they were reasonably relied upon by Mr. Clayton (Indeed, how can the Court make such a determination absent any description?) Mr. Clayton's opinions founded upon them are not admissible. | Overruled  Sustained |

## 7.    OBJECTIONS TO AFFIDAVIT OF MARCUS TURNINI

| **Affidavit and Exhibit Objections** | **Court's Ruling on Objection** |
|---|---|
| The exhibits were unlawfully obtained in that they were evidently obtained for use in the litigation in violation of §9.1 of the Infowars terms of service which | Overruled Sustained |

| | |
|---|---|
| provides:<br>    "You may not copy or otherwise attempt to benefit or assist others to benefit, directly or indirectly, from use of our Licensed Materials or intellectual property of third parties other than through normal use of the Website." | |
| Relevance (Evid. R. 401). The material deals with use by licensed subscribers of the Infowars Website. It has nothing to do with whether the publication made the basis of this case is defamatory or any of the sub-issues (i.e. public or quasi-:public figure, malice). | Overruled Sustained |

## 8.     OBJECTIONS TO EXHIBIT I

| Objections | Court's Ruling on Objection |
|---|---|
| 1.      It is not authenticated as required by Tex. R. Evid. R. 901. | Overruled  Sustained |
| 2.      It is not self-authenticating as permitted under Tex. R. Evid. R. 902(2); | Overruled  Sustained |
| 3.      It is not relevant under Tex. R. Evid. R. 401. | Overruled  Sustained |
| 4.      Any relevancy is far outweighed by the prejudice engendered by the document under Tex. R. Evid. R. 403. | Overruled  Sustained |
| 5.      It is hearsay and contains hearsay within hearsay. | Overruled  Sustained |

## 9.      OBJECTIONS TO EXHIBIT J - AFFIDAVIT OF FRED ZIPP

| Affidavit Statements | Objections | Court's Ruling on Objection |
|---|---|---|
| Page 1, First paragraph under Scope of Review "whether assertions could be responsibly published" | Lack of foundation/predicate | Overruled     Sustained |
| | Not Relevant | Overruled     Sustained |
| | Vague and Ambiguous | Overruled     Sustained |
| | Hearsay | Overruled     Sustained |
| | Lack of foundation/predicate | Overruled     Sustained |
| | Lack of identification of materials reviewed | Overruled     Sustained |
| | Hearsay | Overruled     Sustained |
| Page 2, First paragraph under Background Knowledge of InfoWars, second sentence | Not relevant | Overruled     Sustained |
| | Hearsay | Overruled     Sustained |
| Second paragraph under Background Knowledge of InfoWars "significant amount of time" | Vague and Ambiguous | Overruled     Sustained |
| | Conclusory | Overruled     Sustained |
| Second paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled     Sustained |
| | Lack of foundation/predicate | Overruled     Sustained |
| | Not relevant | Overruled     Sustained |
| Third paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled     Sustained |
| | Violates TRE 404 | Overruled     Sustained |
| | Lack of | Overruled     Sustained |

| | foundation/predicate | | |
|---|---|---|---|
| Fourth paragraph under Background Knowledge of Infowars, | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of predicate/foundation | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 3, First paragraph under number 1, first sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Exhibit A-26 is hearsay, lacks a foundation and predicate and is not complete | Overruled | Sustained |
| Page 3, middle three paragraphs | Violates TRE 1002 | Overruled | Sustained |
| Last paragraph under number 1 at bottom of the page and continuing to page 4 beginning "My review…" First and second sentence. | Vague and Ambiguous ("suggests") | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Hearsay as to second and third sentence | Overruled | Sustained |
| Same paragraph, third sentence | Defendants incorporate the same objections to this sentence as they stated to | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | the affidavit and conclusions of Mr. Fredericks. | | |
| | Not relevant | Overruled | Sustained |
| | Violates TRE 403 | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Same paragraph, fourth and fifth sentence | Not relevant | Overruled | Sustained |
| | Not probative | Overruled | Sustained |
| | Improper opinion of expert on question of law | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Speculation | Overruled | Sustained |
| Page 4, first paragraph under paragraph 2. | First sentence: Not relevant, violates TRE 404, conclusory, lack of foundation/predicate, hearsay, lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Not relevant, vague and ambiguous, conclusory, lack of foundation/predicate, lack of personal knowledge, hearsay | Overruled | Sustained |
| | Third sentence: Not relevant, vague and ambiguous, conclusory, lack | Overruled | Sustained |

| | of foundation/predicate, lack of personal knowledge, | | |
|---|---|---|---|
| First paragraph under 2. A. | Not relevant | Overruled | Sustained |
| | Lack of persona knowledge | Overruled | Sustained |
| Second paragraph under 2. A. | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Third paragraph under 2. A. | First sentence: Not relevant, conclusory, speculative | Overruled | Sustained |
| | Second and third sentence: Not relevant, hearsay, lack of personal knowledge, lack of foundation/predicate, | Overruled | Sustained |
| Page 5, top paragraph (under two top photos) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| Bottom paragraph (under two lower photographs) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |

|  | lack of foundation/predicate | Overruled | Sustained |
|---|---|---|---|
| Bottom paragraph (under two lower photographs) | Not relevant, | Overruled | Sustained |
|  | speculative, | Overruled | Sustained |
|  | hearsay, | Overruled | Sustained |
|  | conclusory, | Overruled | Sustained |
|  | lack of personal knowledge, | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
| Page 7, photo | Not relevant | Overruled | Sustained |
|  | Hearsay | Overruled | Sustained |
|  | Lack of foundation/predicate | Overruled | Sustained |
| Page 7, top paragraph (under photo and above B.) | Not relevant, | Overruled | Sustained |
|  | speculative, | Overruled | Sustained |
|  | hearsay, | Overruled | Sustained |
|  | conclusory, | Overruled | Sustained |
|  | lack of personal knowledge, | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
| Paragraph B. | Not relevant | Overruled | Sustained |
|  | Conclusory | Overruled | Sustained |
|  | lack of personal knowledge, | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
| Last paragraph (under B) | Not relevant | Overruled | Sustained |
|  | Conclusory | Overruled | Sustained |
|  | lack of personal knowledge, | Overruled | Sustained |

| | lack of foundation/predicate | Overruled | Sustained |
|---|---|---|---|
| | Exhibit 24 is not complete | Overruled | Sustained |
| Page 8, top photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Page 8, top paragraph | Not relevant | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | | |
| Lower photo | Hearsay | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Bottom paragraph | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Page 9 photo | Not relevant | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| First paragraph | First sentence: | | |
| | Not relevant, | Overruled | Sustained |
| | Lack of personal knowledge, | Overruled | Sustained |
| | Lack of foundation/predicate, | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, | Overruled | Sustained |
| | Lack of personal knowledge, | Overruled | Sustained |
| | Lack of foundation/predicate, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | speculative | Overruled | Sustained |
| | Third sentence: | | |
| | "did not reasonably suggest any cover-up or manipulation": Not relevant, Lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Fourth sentence: Not relevant, Lack of personal | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | knowledge, Lack of foundation/predicate, conclusory | | |
| | Violates TRE 1002 | Overruled | Sustained |
| Paragraph C. | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| Last paragraph | First sentence: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Second and third sentence: Not relevant, Lack of personal knowledge, Lack of foundation/predicate, conclusory, hearsay | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Page 10 photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Paragraph D. | Not relevant, Lack of personal knowledge | Overruled | Sustained |
| First paragraph under D. | First sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Third sentence: Not relevant, lack of personal knowledge, hearsay | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Exhibit A2 is hearsay, lacks a foundation and predicate and is not complete. | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| Bottom paragraph | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 11, photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| First paragraph (above E) | First sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| Paragraph E | Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| First paragraph under E. | Both sentences: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Bottom paragraph | First sentence: Not relevant, Lack of personal knowledge, lack of foundation/predicate, speculative, hearsay, conclusory – Violates TRE 1002 | Overruled | Sustained |
| | Second sentence: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Third sentence: Not relevant, Lack of personal knowledge, lack of foundation/predicate, hearsay | Overruled | Sustained |
| | Fourth and fifth sentence including caption continuing on page 12: lack of foundation/predicate, hearsay | Overruled | Sustained |
| Page 12, top paragraph and captions | Not relevant, Hearsay, lack of foundation/predicate | Overruled | Sustained |
| Middle paragraph | First and second sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Third and fourth sentence: Not relevant, Hearsay. Lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Fifth and sixth sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Seventh through ninth sentences: Not relevant, Hearsay. Lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |
| | Tenth sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge, speculation | Overruled | Sustained |
| | Eleventh sentence: Not relevant, conclusory, lack of foundation/predicate, speculation | Overruled | Sustained |
| Last paragraph continuing to page 13 | First sentence: Not relevant Second sentence: Not relevant, vague and ambiguous, hearsay, lack of foundation/predicate | Overruled | Sustained |
| | Third sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Last sentence: Not relevant, conclusory, lack of foundation/predicate, speculative | Overruled | Sustained |
| Page 13, paragraph 1 | Not relevant, conclusory, lack of foundation/predicate, Expert testimony not probative on matters of law | Overruled | Sustained |
| First paragraph under 1 | Not relevant, conclusory, | Overruled | Sustained |

| | lack of foundation/predicate Expert testimony not probative on matters of law | | |
|---|---|---|---|
| All paragraphs under A starting on page 13 and continuing to the second to the last paragraph on page 19 | Not relevant, previous acts are outside of statute of limitations, violates TRE Rule 403, lack of personal knowledge, lack of foundation/predicate, hearsay Violates TRE 1002 | Overruled | Sustained |
| | Exhibits A3-A13 and A20-25 are not relevant, contain statements outside of statute of limitations, hearsay and lack foundation and predicate. | Overruled | Sustained |
| Page 19, bottom paragraph | First sentence: Lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Lack of personal knowledge, lack of foundation/predicate, speculative, conclusory, expert opinion not reliable, expert opinion not needed to assist fact finder to interpret words used in broadcast (TRE Rule 702), opinion not based on stated broadcast (TRE Rule 703) – Violates TRE 1002 | Overruled | Sustained |
| | Third sentence: Not relevant; conclusory, lack of foundation/predicate, speculative, Expert opinion not probative on question of law or actual malice | Overruled | Sustained |

| | Last sentence: Not relevant; conclusory, lack of foundation/predicate, speculative, Expert opinion not probative on question of law or actual malice | Overruled | Sustained |
|---|---|---|---|
| Page 20, top paragraph | First sentence: Not relevant, lack of personal knowledge Violates TRE 1002 | Overruled | Sustained |
| | Second and third sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate Violates TRE 1002 | Overruled | Sustained |
| | Exhibit A28 is not authenticated, it is not relevant and it is not a complete transcript of that broadcast. | Overruled | Sustained |
| | Fourth sentence: Not relevant regarding accusations about a cover-up, lack of personal knowledge | Overruled | Sustained |
| | Fifth and sixth sentences: Not relevant,, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A29 lacks authentication, is not relevant and is not a complete copy of the broadcast. | Overruled | Sustained |
| Second paragraph, page 20 | Both sentences: Not relevant and lack of personal knowledge. | Overruled | Sustained |
| | Exhibit A30 lacks | Overruled | Sustained |

| | authentication, is not relevant and is not a complete copy of the broadcast. | | |
|---|---|---|---|
| Third paragraph , page 20 (paragraph under B) | Not relevant, lack of foundation/predicate | Overruled | Sustained |
| Fourth paragraph, page 20 | All sentences: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative | Overruled | Sustained |
| Fifth paragraph, page 20 continuing to page 21 | All sentences: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative | Overruled | Sustained |
| Page 21, first paragraph | First sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory, lack of personal knowledge, hearsay | Overruled | Sustained |
| | Second sentence: Not relevant, hearsay, lack of foundation/predicate | Overruled | Sustained |
| | Third sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Fourth sentence and quotation: Not relevant, hearsay, lack of foundation/predicate, Quotation violates TRE | Overruled | Sustained |

|  | 1002 |  |  |
|---|---|---|---|
| Second paragraph, page 21 | paragraph and quotation: Not relevant, hearsay, lack of foundation/predicate, violates TRE 1002 | Overruled | Sustained |
| Third paragraph, page 21 | First sentence: Not relevant, speculative, Expert opinion not probative on question of law, conclusory, lack of foundation/predicate | Overruled | Sustained |
|  | Second sentence: Not relevant, speculative, Expert opinion not probative on question of law and actual malice, conclusory, lack of foundation/predicate, vague and ambiguous | Overruled | Sustained |
|  | Third sentence: Not relevant, speculative, lack of personal knowledge, lack of foundation/predicate, conclusory. | Overruled | Sustained |
| Last paragraph, page 21 | First sentence: Not relevant, Expert opinion not probative on question of law, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
|  | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
|  | Third sentence: Not relevant, lack of personal knowledge, lack of | Overruled | Sustained |

|  | foundation/predicate, conclusory | | |
|  | Last sentence: Lack of personal knowledge | Overruled | Sustained |
|  | Exhibit A26 is not authenticated, and is not a complete transcript of the broadcast | Overruled | Sustained |
| Page 22, first paragraph: | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Paragraph 2 | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Second paragraph (under 2) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Paragraph A | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Third paragraph, page 22 (under A) | First through third sentences: Not relevant, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
|  | Fourth sentence: Defendants incorporate their objections to Mr. Fredericks affidavit, | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | not relevant, hearsay, lack of personal knowledge, lack of foundation/predicate | | |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Fourth paragraph, page 22 | First sentence: Not relevant, speculative, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Last sentence and photos: Not relevant, hearsay, lack of foundation/predicate | Overruled | Sustained |
| | Photos are hearsay; lack of personal knowledge; lack of authentication; lack of foundation/predicate; violates TRE 1002 | Overruled | Sustained |
| Last paragraph, page 22 continuing to page 23 | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Fourth sentence: Not | Overruled | Sustained |

| | relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | | |
|---|---|---|---|
| Page 23, paragraph B | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative; Violates TRE 403, 404 and 608(b) | Overruled | Sustained |
| First paragraph (under B) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |
| | Exhibit A1 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Third sentence:  Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |
| | Fourth sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate, | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |

|  | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
|---|---|---|---|
| Second paragraph, page 23 | First paragraph: Not relevant | Overruled | Sustained |
|  | Second sentence: Not relevant, violates TRE 404, lack of foundation/predicate, lack of personal knowledge, hearsay, vague and ambiguous | Overruled<br><br>Overruled | Sustained<br><br>Sustained |
|  | Third sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
|  | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Third paragraph, page 23 (above C) | First sentence Not relevant, speculative, conclusory, lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |
|  | Second sentence: Not relevant, vague and ambiguous, lack of personal knowledge | Overruled | Sustained |
|  | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Last sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Paragraph C | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative; violates TRE 403, 404, and 608(b) | Overruled | Sustained |
| Last paragraph, page 23 (under C) continuing to page 24 | Each sentence: Not relevant, entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice, violated TRE 404,403 | Overruled | Sustained |
| All other paragraphs on page 24 | Not relevant, violates TRE 404, 403, all paragraphs are objectionable as they seek to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Page 25 photo | Not relevant, violates TRE 404, 403 | Overruled | Sustained |
| Page 25, first paragraph (under photo) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

| Paragraph D | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, | Overruled | Sustained |
|---|---|---|---|
| Second paragraph, page 25 (under D) | Not relevant, Defendants also incorporate herein all objections to Mr. Pozner's affidavit | Overruled | Sustained |
| Third paragraph | First sentence: Not relevant, hearsay, lack of personal knowledge, | Overruled | Sustained |
| | Second sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A14 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Last sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A15 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Fourth paragraph | Each sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate, | Overruled | Sustained |
| | Exhibit A16 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Page 26, first paragraph | Each sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |
| | Exhibits A17 and A18 are not authenticated, are not relevant and are not complete transcripts of the broadcasts. | | |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Second paragraph and quotation | Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A19 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Third paragraph | First sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| Conclusion | First sentence: Not relevant, Expert opinion not probative on question of law and actual malice lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

|  | Last sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled     Sustained |
| All websites listed in footnotes | Lack of authentication; lack of foundation/predicate; not relevant; violate TRE 404, 608(b) and 703.  In addition, footnotes 5, 6, 12, 13, 14-18, 41-43, 45 and 47 are hearsay. | Overruled     Sustained |

Dated: September _____, 2018.


_____
JUDGE

**9/14/2018 5:02 PM**
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-001835**
**Terri Juarez**

# GLAST, PHILLIPS & MURRAY

A PROFESSIONAL CORPORATION

**MARK C. ENOCH, J.D., M.B.A.**
(972) 419-8366
fly63rc@verizon.net

BOARD CERTIFIED – CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL
SPECIALIZATION

14801 QUORUM DRIVE, SUITE 500
DALLAS, TEXAS 75240-6657

(972) 419-8300
FACSIMILE (469) 206-5022
————

September 14, 2018

*Via email and via e-filing*
*Tiffaney Gould [Tiffaney.Gould@traviscountytx.gov]*

Ms. Tiffaney Gould,
Court Operations Officer for
 District Judge Scott Jenkins
Heman Marion Sweatt Travis
 County Courthouse
1000 Guadalupe, 5th Floor
Austin, Texas 78701

Re:     *Neil Heslin v. Alex E. Jones, Infowars, LLC, Free Speech Systems,*
        *LLC and Owen Shroyer; Cause No. D-1-GN-18-001835, 261st*
        *District Court, Travis County, Texas*

Dear Ms. Gould:

I would respectfully request that the Court copy my assistant, Melanie Illig (millig@gpm-law.com), on all email correspondence and filings entered by the Court on the above matter. She is set up in the efile.txcourts.gov to receive efiling notifications, but I would request that she also be copied on notifications that are sent directly by the Court.

I am copying Mr. Bankston on this letter request. Thank you.

Respectfully,

*/s/ Mark C. Enoch*

Mark C. Enoch

MCE:mji

cc:     Mr. Mark Bankston (*via e-service*)

9/25/2018 1:55 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-001835**
**Raeana Vasquez**

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANTS' SECOND RENEWED REQUEST FOR RULINGS
## ON TIMELY FILED OBJECTIONS TO PLAINTIFF'S EVIDENCE

COME NOW, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer (collectively, the "Defendants"), and hereby file this their Second Renewed Request for Rulings on Timely Filed Objections to Plaintiff's Evidence and in support of same would respectfully show this Honorable Court as follows:

Defendants filed their Motion to Dismiss Under the Texas Citizens Participation Act (Act) in this case on July 13, 2018. Notice of the hearing date of August 30, 2018 on that motion was sent to Plaintiffs on July 19, 2018. Plaintiffs filed their Response to Defendants' Motion to Dismiss under the Texas Citizens Participation Act and attached affidavits on August 27, 2018. Prior to the date of the hearing, on August 29, Defendants served and filed their Objections to Plaintiff's Evidence Submitted in Response to Defendants' Motion to Dismiss Under the Texas Participation Act. Defendants' filed their Request for Rulings on Timely Filed Objections to Plaintiff's Evidence on September 11, 2018.

On August 17, 2018 Plaintiff filed his Motion for Sanctions and Motion for Expedited Discovery. On August 23, 2018 Defendants filed their Response to these motions and Defendants amended this Response on August 27, 2018 and the Court set those motions and

responses for hearing at the same time as it was to hear the Defendants' TCPA motion.  For all these motions, the Court allotted each side approximately one hour to present argument and evidence.

Though prepared to argue at the hearing Defendants' objections to Plaintiff's evidence submitted prior to the hearing, at the hearing on August 30 it was clear that there would be insufficient time to argue the objections. Under §27.005 of the Act, this Court must rule on Defendants' motion no later than the thirtieth (30th) day after that hearing.

Defendants formally renew their request that this Honorable Court make its rulings on all of their objections prior to its ruling on the motion.[1]

PRAYER

Wherefore, Defendants pray that this Honorable Court make and enter its rulings on Defendants' Objections to Plaintiff's Evidence Submitted in Response to Defendants' Motion to Dismiss before it rules on Defendants' Motion to Dismiss under the Texas Citizens Participation Act, that the Court sustain those objections and strike the related evidence and that the Court make such other rulings as it deems just and equitable.

---

[1] A proposed order is again attached hereto for the convenience of the Court.

RESPECTFULLY SUBMITTED,

GLAST, PHILLIPS & MURRAY, P.C.


_____/s/ Mark C. Enoch_____
Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:      972-419-8366
Facsimile:       972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on September 25, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002


_____/s/ Mark C. Enoch_____
Mark C. Enoch

NO. D-1-GN-18-001835

| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

### ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT

CAME ON TO BE HEARD on the 30th day of August, 2018, Defendants Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer's Motion to Dismiss Under the Texas Citizens Participation Act. The Court having considered the Defendants' Objections to Plaintiff's Evidence submitted in response to Defendants' Motion and having heard the argument of counsel, the Court finds as to the Defendants' Objections to Plaintiff's Evidence submitted in Response to Defendants' Motion as follows:

### 1.    OBJECTIONS TO AFFIDAVIT OF FRED ZIPP

| Zipp Affidavit Exhibits A-1 to A-23 | Objections | Court's Ruling on Objection |
| --- | --- | --- |
| Exhibits A-1 to A-23 | Hearsay Tex. R. Evid. R. 802 | Overruled      Sustained |
| Exhibits A-1 to A-23 | Not relevant – Tex. R. Evid. R. 402 | Overruled      Sustained |
| Exhibits A-1 to A-23 | Prejudice outweighs relevance – Tex. R. Evid. 403 | Overruled      Sustained |
| Exhibits A-1 to A-23 | Violates best evidence rule Tex. R. Evid. R. 1002, 1003 | Overruled      Sustained |
| Exhibits A-1 to A-23 | No authentication – Tex. R. Evid. R. 901 | Overruled      Sustained |

**Objections to Specific Statements**

| Affidavit Statements | Objections | Court's Ruling on Objection | |
|---|---|---|---|
| Page 1, First paragraph under Scope of Review "whether assertions could be responsibly published" | Lack of foundation/predicate | Overruled | Sustained |
| | Not Relevant | Overruled | Sustained |
| | Vague and Ambiguous | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| 8 bullet points under Scope of Review | Lack of foundation/predicate | Overruled | Sustained |
| | Lack of identification of materials reviewed | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Page 2, First paragraph under Background Knowledge of InfoWars, second sentence | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Second paragraph under Background Knowledge of InfoWars "significant amount of time" | Vague and Ambiguous | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Second paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Third paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Violates TRE 404 | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Fourth paragraph under Background Knowledge of Infowars, | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of predicate/foundation | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 3, First paragraph under number 1, first sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Statements of what was in June 26 and July 20 videos are hearsay, lack a foundation and predicate and are not complete | Overruled | Sustained |
| | Best evidence rule | Overruled | Sustained |
| Page 3, middle three paragraphs | Violates TRE 1002 – best evidence rule | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Last paragraph under number 1 at bottom of page 3 and continuing to page 4 beginning "My review…" | Statements of what was in June 26 and July 20 videos are hearsay, lack a foundation and predicate and are not complete | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Paragraph beginning "My review…" | Speculation | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Violates TRE 403 | Overruled | Sustained |
| Same paragraph, fourth and fifth sentence | Not relevant | Overruled | Sustained |
| | Not probative | Overruled | Sustained |
| | Improper opinion of expert on question of law | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Speculation | Overruled | Sustained |
| Under "Opinions" Page 4, first paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 5, 1st paragraph | Not relevant | Overruled | Sustained |

|  | violates TRE 404 | Overruled | Sustained |
|---|---|---|---|
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 5, 2nd paragraph | Not relevant | Overruled | Sustained |
|  | violates TRE 404 | Overruled | Sustained |
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 6, 1st paragraph | Not relevant | Overruled | Sustained |
|  | violates TRE 404 | Overruled | Sustained |
|  | violates best evidence rule | Overruled | Sustained |
|  | conclusory | Overruled | Sustained |
|  | lack of foundation/predicate | Overruled | Sustained |
|  | hearsay | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | | |
| p. 6, 2nd paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 7, 1st paragraph | Not relevant | Overruled | Sustained |
| | violates TRE 404 | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| | hearsay | Overruled | Sustained |
| | lack of personal knowledge | Overruled | Sustained |
| | speculation as to state mind and intent | Overruled | Sustained |
| p. 7, under A., 1st paragraph | Not relevant | Overruled | Sustained |
| | violates best evidence rule | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |

|  |  |  |  |
|---|---|---|---|
|  | hearsay | Overruled | Sustained |
|  | lack of personal knowledge | Overruled | Sustained |
|  | speculation as to state mind and intent | Overruled | Sustained |
| p. 7 second paragraph through penultimate paragraph on p. 13 | Hearsay TRE 801 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|  | Repeating videos needless presentation of cumulative evidence TRE 403 | Overruled | Sustained |
|  | Not relevant TRE 402 | Overruled | Sustained |
|  | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| p. 7, last paragraph, 1st sentence, "numerous false and irresponsible claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 7, 1st full paragraph, "false statements" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | | |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 10, 2nd paragraph, 1st sentence "false claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 10, last paragraph, "prior false claims" | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Improper for opinion witness just choosing sides on the case outcome.  *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 11, last paragraph, 2nd sentence – "numerous false claims . . . made over the years" | Not relevant TRE 402 | Overruled | Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome.  *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 12, last paragraph – "false claims … chilling finale" | Not relevant -- TRE 402 | Overruled | Sustained |
| | No predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert | Overruled | Sustained |

| | specialty -- TRE 702 | | |
|---|---|---|---|
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule -- TRE 1002, 1003 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 13, 1st full paragraph – "is the subject of a separate lawsuit . . . De La Rosa" | Not relevant TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 13, 1st full paragraph, 2nd sentence – "false accusation" | Not relevant TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 13, 2nd full paragraph, 3rd sentence – "waffled on" | Not relevant TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 14, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | personal knowledge -- TRE 602 | | |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 14, 2nd full paragraph | Opinion not relevant -- TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 14, 3rd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Last sentence and quote: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
|---|---|---|---|
| p. 14, last paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 15, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Last sentence and quote: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | relevance – TRE 403<br><br>Violates best evidence rule TRE 1002, 1003 | | |
| p. 15, 2nd full paragraph | Opinion not relevant -- TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, heading at 2. | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |

|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|---|---|---|---|
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, under heading 2, 1st paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, heading A | Opinion not relevant TRE 402 | Overruled | Sustained |
|  | Speculation, no predicate of | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | personal knowledge -- TRE 602 | | |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 15, last paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04- | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | 03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Sentences 5, 6, 7, 8, & 9: Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, 1st paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 16, heading B | Opinion not relevant TRE 402 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| p. 16, 2nd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, 3rd full paragraph with indent | Opinion not relevant TRE 402 – "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |
| | Conclusory without bases – TRE 703 -- "unhinged crank," "disturbing," "ridiculous," "bizarre" | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 16, last paragraph and photo on page 17 | Opinion not relevant TRE 402 – "purported" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | No authentication – TRE 901 -- photo | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04- | Overruled | Sustained |

|  |  |  |  |
|---|---|---|---|
|  | 03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) |  |  |
|  | Not relevant – TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 17, 1st full paragraph with indent | Opinion not relevant TRE 402 – "bizarre," "anti-Semitic rants" | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
|  | Hearsay TRE 802 | Overruled | Sustained |
|  | Not relevant – TRE 402 | Overruled | Sustained |
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 17, last full paragraph an 1st photo on p. 18 | Opinion not relevant TRE 402 – "obsessed" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | No authentication – TRE 901 - photo | Overruled | Sustained |
| p. 18, only paragraph and photo | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 1st paragraph | Opinion not relevant TRE 402 – "no rational journalist," "for anything," "improbable," "uncritical," "reckless," "deceptive" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |

|  | Statements not relevant – TRE 402 | Overruled | Sustained |
|---|---|---|---|
|  | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, heading C | Opinion not relevant TRE 402 | Overruled | Sustained |
|  | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
|  | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
|  | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
|  | Conclusory without bases – TRE 703 | Overruled | Sustained |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
|  | Hearsay TRE 802 | Overruled | Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 2nd full paragraph | Opinion not relevant TRE 402 – "wild," falsehoods," "debunked," "malicious" | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 – "five years" | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| p. 19, 3rd full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Ambiguous and vague – "made a variety of factual allegations," "various claims," "wide variety" | Overruled | Sustained |
| p. 19, 4th full paragraph | Opinion not relevant TRE 402 – "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 -- "ample," "enormous," extreme," | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | | |
| | Outside scope of expert specialty -- TRE 702 -- "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," "reasonable," "entertain serious doubts," "desire to mislead" | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Vague and ambiguous -- "ample," "enormous," extreme," "outcry," "unlikely," "intentionally," | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | "reasonable," "entertain serious doubts," "desire to mislead" | | |
| p. 19, heading D | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Ambiguous and vague | Overruled | Sustained |
| p. 19, last paragraph, continuing to p. 20 – "rise to notoriety," coincided," "boast," "considered by many" | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | specialty -- TRE 702 | | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |
| | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, 1st full paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, 2nd full paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, 3rd full paragraph | Hearsay TRE 802 | Overruled | Sustained |
| | No authentication or predicate for documentary cites – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 20, last paragraph and photo on p. 21 | Opinion not relevant TRE 402 – "similar" | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Hearsay TRE 802 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | No authentication or predicate for photo – TRE 902, TRE 802 | Overruled | Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| p. 21, 1st full paragraph | Opinion not relevant TRE 402 | Overruled | Sustained |
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| | Statements not relevant – TRE 402 | Overruled | Sustained |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |

| p. 21, after Conclusion – "evidence I have reviewed," "failed to use reasonable care," "entertained serious doubts," "acting with intent to deceive," "reckless disregard," "falsity," "harmful," "subject him to public contempt, hate or ridicule" | Opinion not relevant TRE 402 | Overruled | Sustained |
|---|---|---|---|
| | Speculation, no predicate of personal knowledge -- TRE 602 | Overruled | Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory without bases – TRE 703 | Overruled | Sustained |
| | Vague and ambiguous. | Overruled | Sustained |
| | Improper for opinion witness just choosing sides on the case outcome.  *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | | |
| | Hearsay TRE 802 | Overruled | Sustained |
| | Statements not relevant – TRE 402 | | |
| | Prejudice outweighs relevance – TRE 403 | Overruled | Sustained |
| | Vague and ambiguous | Overruled | Sustained |

## 2.    OBJECTIONS TO AFFIDAVIT OF BROOKE BINKOWSKI

| Binkowski Affidavit | Objections | Court's Ruling on Objection | |
|---|---|---|---|
| Qualifications | No predicate to show expert qualifications.  TRE 702 | Overruled | Sustained |
| Relevance; Question of Law | Issue of whether Defendants defamed Plaintiff by *innuendo*, this is a question of law.  TRE 702 | Overruled | Sustained |
| | Ms. Binkowski's statement (last paragraph on page 2) to the effect that a viewer "could reasonably interpret these comments as asserting that the Sandy Hook shooting was staged and that [Plaintiffs] were not real parents" is an opinion on a question of law and no bases.  TRE 702, 703 | Overruled | Sustained |
| | Ms. Binkowski's last opinion (on page 3), that "this"  "fits a larger pattern of behavior [of routinely denigrating victims of shootings]"  - Not relevant TRE 402 | Overruled | Sustained |
| | Ms. Binkowski does not identify the data; conclusory, no bases TRE 704 | Overruled | Sustained |

The Court further finds as to Ms. Binkowski's opinion as follows:

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|
| 11 | Not relevant TRE 402 | Overruled  Sustained |
| | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 14 | Not relevant TRE 402 | Overruled  Sustained |
| | No predicate of personal knowledge TRE 602 | Overruled  Sustained |
| | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 16 | Not relevant TRE 402 | Overruled  Sustained |
| | Outside scope of expert specialty -- TRE 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| | "significant:" Conclusory without bases – TRE 703 | Overruled  Sustained |

| 17 | Not relevant – TRE 401, 402 | Overruled  Sustained |
|---|---|---|
| 18 | Not relevant TRE 402 | Overruled  Sustained |
|  | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
|  | "notable," "not consistently" -- Conclusory without bases – TRE 703 | Overruled  Sustained |
| 19 | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
| 20 | Not relevant TRE 402 | Overruled  Sustained |
|  | No assistance to fact finder -- TRE 702 | Overruled  Sustained |
|  | "ambiguous," "reasonably" -- Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Violates best evidence rule TRE 1002, 1003 | Overruled  Sustained |
|  | Conclusory without bases – TRE 703 | Overruled  Sustained |
| 21 | Not relevant & no assistance to fact | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | finder – TRE 401, 402, 702 | | |
| | No predicate for expert testimony – TRE 703 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 22 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| 23 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |

| 24 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 25 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – | Overruled  Sustained |

| | TRE 901 | |
|---|---|---|
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 27 | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| 28 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Hearsay – TRE 801(d), 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 29 | Not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Hearsay – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 801(d), 802 | |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| 30 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 31 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | knowledge – TRE 701, 702, 703 | | |
| 32 | "callously," "sickening," and "own opinion" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 33 | "own assertion," "false," "not contradicted" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – | Overruled | Sustained |

| | | |
|---|---|---|
| | TRE 1001, 1002, 1007 | |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 34 | "deceptively edited" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 34 | "deceptively" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 35 | "reinforces" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 36 | Opinion not relevant | Overruled | Sustained |

| | | |
|---|---|---|
| | & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 701, 702, 703 | Overruled  Sustained |
| 37 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | "continuously debunked"-- Conclusory, lack of | Overruled  Sustained |

| | | |
|---|---|---|
| | foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | |
| 38 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 39 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 40 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled  Sustained |

| | | |
|---|---|---|
| | knowledge – TRE 701, 702, 703 | |
| 41 | "likewise traffics fake news" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 42 | Not relevant – TRE 401, 402 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal | Overruled  Sustained |

| | | |
|---|---|---|
| | knowledge – TRE 701, 702, 703 | |
| 43 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 44 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 45 | Invades province of the fact finder – TRE | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | 702, *GTE*, 998 S.W. 2d 605, 620 | | |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 46 | Not relevant – TRE 402 | Overruled | Sustained |
| | Relevance outweighed by unfair prejudice, confusion, & misleading – TRE 403 | Overruled | Sustained |
| | Hearsay – TRE 802 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | No authentication – TRE 901 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled | Sustained |
| 47 | "fake news items" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |

| | | |
|---|---|---|
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 48 and two photos | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 49 | "fake news" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 701, 702, 703 | Overruled  Sustained |

| | | |
|---|---|---|
| 50 | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 51 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 52 | "fake news," "dangerous," "conspiracy" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to intent – TRE 701, 702, 703 | Overruled  Sustained |
| 53 | "intentionally deceptive," "recklessly disregarded," "deceptive" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation – TRE 602, 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 54 | "outlandish," "inherently improbable," | Overruled  Sustained |

| | | |
|---|---|---|
| | "obviously dubious" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 55 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | speculation as to state of mind – TRE 701, 702, 703 | | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained | |
| 56 | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained | |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained | |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained | |
| 57 | "directly contradicts" | Overruled  Sustained | |

| | | |
|---|---|---|
| | -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 58 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance outweighed by unfair | Overruled  Sustained |

| | | |
|---|---|---|
| | prejudice, confusion, misleading and cumulative – TRE 403 | |
| 59 | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 | Overruled  Sustained |
| 60 | "too suggest" some fact -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of | Overruled  Sustained |

| | | |
|---|---|---|
| | foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | |
| | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 | Overruled  Sustained |
| 61 | "dishonest" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance outweighed by unfair prejudice, confusion, misleading and cumulative – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 403<br><br>Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 62 | "clear" "chose not to do so" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to state of mind – TRE 701, 702, 703 | Overruled  Sustained |
| | Relevance | Overruled  Sustained |

|  |  |  |
|---|---|---|
|  | outweighed by unfair prejudice, confusion, misleading and cumulative – TRE 403 |  |
|  | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 63 | "clear" "deceptively edited" "give the appearance"  -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
|  | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
|  | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
|  | No authentication – TRE 901 | Overruled  Sustained |
|  | Hearsay – TRE 802 | Overruled  Sustained |
|  | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 701, 702, 703 | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 64 | "abundance of primary sources" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| 65 | "no reasonable basis" -- Opinion not relevant & no | Overruled  Sustained |

| | | |
|---|---|---|
| | assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 66 | "only way a journalist could support" "intentionally distorting" "source material demonstrates that is exactly what occurred in this case" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |

| | | |
|---|---|---|
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 67 | "video contains no such statements" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE | Overruled  Sustained |

| | | |
|---|---|---|
| | 701, 702, 703 | |
| 68 | "injurious motive" "clearly an attack" "pleaded" "false" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 69 | "clearly provoked a retaliation" -- | Overruled  Sustained |

| | | |
|---|---|---|
| | Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | No authentication – TRE 901 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge, speculation as to state of mind – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 70 | "clear" "part of ongoing effort to support and justify" "vile five-year lie" -- Opinion not relevant | Overruled  Sustained |

| | | |
|---|---|---|
| | & no assistance to fact finder – TRE 401, 402, 702 | |
| | Invades province of the fact finder –  TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled  Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled  Sustained |
| | Hearsay – TRE 802 | Overruled  Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | Overruled  Sustained |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |
| 71 | "in horror" "repeatedly" "systematically" "distorted" "misrepresented" "false" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled  Sustained |

| | | | |
|---|---|---|---|
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Best Evidence Rule – TRE 1001, 1002, 1007 | Overruled | Sustained |
| | Hearsay – TRE 802 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, lack of personal knowledge – TRE 701, 702, 703 | | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled | Sustained |
| 72 | "clear" "in bad faith" "utter contempt for the truth" -- Opinion not relevant & no assistance to fact finder – TRE 401, 402, 702 | Overruled | Sustained |
| | Invades province of the fact finder – TRE 702, *GTE*, 998 S.W. 2d 605, 620 | Overruled | Sustained |
| | Conclusory, lack of foundation/predicate, | Overruled | Sustained |

| | | |
|---|---|---|
| | lack of personal knowledge – TRE 701, 702, 703 | |
| | Improper for opinion witness just choosing sides on the case outcome. *See Gutierrez v. State*, No. 04-03-00396-CR, 2005 Tex. App. LEXIS 1430, at *7 (App.—San Antonio Feb. 23, 2005) | Overruled  Sustained |

### 3. OBJECTIONS TO AFFIDAVIT OF NEIL HESLIN

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|
| Paragraph 2 | Mr. Heslin's assertion, without specifying what publications he claims constitute "lies" make his assertion irrelevant and thus inadmissible under Tex. R. Evid. R. 401.  The assertion also violates the "best evidence" rule (Tex. R. Evid. R. 1002).  Mr. Heslin's assertion without specifying what "occasions" make his assertion irrelevant and thus inadmissible under Tex. R. Evid. R. 401.  The assertion also violates the "best evidence" rule (Tex. R. Evid. R. 1002). | Overruled  Sustained |
| Paragraph 4 | This paragraph is evidently calculated to portray Mr. Heslin as not a public figure or quasi-public figure.  As such it is irrelevant under Tex. R. Evid. R. 401 and R. 701 because whether someone is a public figure is a | Overruled  Sustained |

| | | |
|---|---|---|
| | question of law for the Court. See *Klentzman v. Brady*, 312 S.W.3d 886, 904 (Tex. App. - Houston [1st Dist.] 2009, no pet.) Also Mr. Heslin's subjective intent is irrelevant; whether he is a public figure can only be determined by compiling and analyzing objective facts. Accordingly this paragraph is irrelevant under Tex. R. Evid. R. 401 and R. 701. | |
| Paragraphs 5, 6 | Relevance (Tex. R. Evid. R. 401). Whether Mr. Heslin was invited or sought out the public fora doesn't matter.  No one told him he had to give interviews; he was not under subpoena.  As long as he was not coerced, only the fact that he made public appearances matters. | Overruled  Sustained |
| Paragraphs 7 - 14 | Relevance, Tex. R. Evid. R. 401. Mr. Heslin's subjective feelings, motive and intent are irrelevant; it's what he did that matters. | Overruled  Sustained |
| Paragraph 15 | The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best evidence rule (Tex. R. Evid. R. 102). | Overruled  Sustained |
| Paragraph 16 | Relevance, Tex. R. Evid. R. 401. This is Mr. Heslin's own summary of his actions and reactions. | Overruled  Sustained |
| Paragraph 17 | Relevance, Tex. R. Evid. R. 401. Mr. Heslin's subjective feelings, motive and intent are irrelevant; it's what he did that matters.  The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best | Overruled  Sustained |

| | | |
|---|---|---|
| | evidence rule (Tex. R. Evid. R. 1002). | |
| Paragraphs 18 - 21 | The authentic record of the interview is the best evidence of what was said or not said.  Mr. Heslin's summation violates the best evidence rule (Tex. R. Evid. R. 1002). | Overruled  Sustained |
| Paragraphs 22 - 27 | In these paragraphs Mr. Heslin attempts to present evidence to establish mental anguish as an element of damages.  These paragraphs are irrelevant and inadmissible under Tex. R. Evid. R. 401 because the substantive law applicable to such damages, and in defamation cases in particular, makes the averments irrelevant.<br><br>• Mental anguish damages may not be recovered in a *per quod* case.  Mr. Heslin has alleged – but has produced no evidence to establish-defamation *per se*.<br><br>• Perhaps words cannot describe the mental anguish Mr. Heslin has sustained as a result of the death of his son, but that does not mean it does not exist.  However, Mr. Heslin does not take this into account.  In paragraphs 26 and 27 he attempts to | Overruled  Sustained |

|  | | attribute his alleged mental anguish to the June 26, 2017 publication alone and provides no evidence of how this was caused by that video. | |
|  | | • In the entirety of paragraphs 21 -27 Mr. Heslin fails to account for other actors who may have caused his alleged mental anguish.  Mr. Heslin is attributing to this publication the criminal activity of others over whom Defendants have no control and provides no evidence of how this was caused by that video. | |
|  | | • As for out-of-pocket expenses (paragraphs 28-31) Mr. Heslin's declaration does not amount to legally sufficient evidence because (1) the evidence that the publication at issue was a producing cause or a proximate cause is legally insufficient to establish that Mr. Heslin's need for | |

|  | counseling was a result of the publication and not something else; the evidence is legally insufficient to establish a temporal nexus between the publication and the counseling thus raising the inference that the counseling was a result of the publication and not something else (paragraph 28). The same is true of the other expenses (paragraphs 29-31): even assuming that Mr. Heslin's security concerns were justified, the evidence that the publication – and not the actions of others – was a producing cause is legally insufficient; (2) There is no evidence that these out-of-pocket expenditures were reasonable in amount. |  |
|--|--|--|

### 4.      OBJECTIONS TO AFFIDAVIT OF H. WAYNE CARVER, II, M.D.

| Paragraph | Affidavit Objections | Court's Ruling on Objection |
|---|---|---|
| Paragraphs 3 – 10 | Relevance; The averments of these paragraphs do not make any relevant fact more likely than not and do not aid the fact-trier in resolving any issue.  Thus these statements are irrelevant under Tex. R. Evid. R. 401 and 701. | Overruled  Sustained |
| Paragraph 11 | Dr. Carver's professed "familiar[ity]" with Defendants is irrelevant under Evid. Rules 401 and 701.  He does not state the source of his averred familiarity.  Is he a regular viewer?  Or is his "familiar[ity]" based on what others have told him?  (In which case his averment is inadmissible hearsay.)  The second sentence of paragraph 11 is objectionable for the same reasons.  The third sentence is objectionable because (a) Newtown, Connecticut's at-large population is not a party to this case so any community feeling of angst is irrelevant (Tex. R. Evid. R. 401); (b) Dr. Carver does not state his qualifications to express an opinion on public sentiment in Newtown, Connecticut; and (c) Dr. Carver does not state the underlying basis for his opinion. | Overruled  Sustained |
| Paragraphs 12 and 13 | Relevance (Tex. R. Evid. R. 401); Authenticity (Tex. R. Evid. R. 1002) Dr. Carver does not adequately establish that what he viewed is the | Overruled  Sustained |

| | | |
|---|---|---|
| | original publication or some other iteration. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | |
| Paragraphs 14 – 17 | Relevance (Tex. R. Evid. R. 401) Whether a statement is defamatory is a question of law for the Court. His opinion is therefore not probative. See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987). The test is how the statement would be construed by the average reasonable person or the general public. See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ). Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960).<br><br>        Whether Dr. Carver is an "average reasonable person," or falls in some other category, his idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. | Overruled  Sustained |

| Paragraph 18 | Relevance (Tex R. Evid. R. 401, 701 and 703) Dr. Carver does not state any facts that support his opinion. His "personal involvement" is too vague to comprise an adequate basis for his opinion. | Overruled  Sustained |
| --- | --- | --- |
| Paragraphs 19 – 21 | Relevance (Tex. R. Evid. R. 401) Whether a statement is defamatory is a question of law for the Court.  His opinion is therefore not probative.  See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987).  The test is how the statement would be construed by the average reasonable person or the general public.  See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ). Whether Dr. Carver is an "average reasonable person," or falls in some other category, his idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | Overruled  Sustained |

## 5. OBJECTIONS TO AFFIDAVIT OF SCARLETT LEWIS

| **Paragraph** | **Affidavit Objections** | **Court's Ruling on Objection** |
| --- | --- | --- |

| Bullet points 5-10 | Ms. Lewis sets out her "understanding[s]" derived from watching a youtube video.  None of her alleged understandings is relevant under Tex. R. Evid. R. 401 because whether a statement is defamatory is a question of law.  Whether a statement is defamatory is a question of law for the Court.  Her "understanding" (*ie.* opinion) is therefore not probative.  See *Bingham v. Southwestern Bell Yellow Pages, Inc.*, 2008 Tex. App. LEXIS 463 *9 - *10 (Tex. App. – Ft. Worth 2001, no pet.) (citing *Musser v. Smith Protective Svcs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987).  The test is how the statement would be construed by the average reasonable person or the general public.  See *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. App. – Dallas 1968, no writ). Whether the statements referred to the Plaintiff is a matter of law for the Court.  *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960).<br><br>Whether Ms. Lewis is an "average reasonable person," or falls in some other category, her idiosyncratic spin on the broadcast at issue is irrelevant because it usurps the function of the Court. Whether the statements referred to the Plaintiff is a matter of law for the Court. *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). | Overruled  Sustained |

## 4.    OBJECTIONS TO AFFIDAVIT OF JOHN CLAYTON

| Affidavit Objections | Court's Ruling on Objection |
|---|---|
| ***Rule 703 Relevance***<br>The issue before the Court is whether the 2017 publication made the basis of this case is defamatory.  This is a question of law.  See *Bently v. Bunton*, 94 S.W.3d 561, 580 (Tex. 2003); *Campbell v. Clark*, 471 S.W.3d 615, 624 (Tex. App. – Dallas 2015, no pet.); *Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App. – Dallas 2011, no pet.).   Mr. Clayton's unsupported opinions regarding Mr. Jones's fidelity to some unidentified journalistic standard(s) has no bearing on this issue.<br>　　　There is no basis for Mr. Clayton's implied premise that persons who disseminate information through the use of social media (or "alternative media" in Mr. Clayton's words) are to be held to the same standards of journalism as print or electronic (radio, TV) reporters.  Indeed, there is much debate and no consensus on the question.  This Court is not the forum for resolving this issue. | Overruled  Sustained |
| ***Reliability***<br>Mr. Clayton's tirade against his former employer is filled with conclusions, but is woefully short on facts to support his opinions.  From the affidavit, it appears that Mr. Clayton last worked for or with Mr. Jones some nine years ago.  (Affidavit paragraph 5)  It does not appear that Mr. Clayton is familiar with the publications | Overruled  Sustained |

| | |
|---|---|
| at issue in this case.  One of the requisites of reliability is that the opinion testimony must be tied to the facts of the case.  *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 629 (Tex. 2002).  It is difficult to see how Mr. Clayton's testimony can meet this test when he does not even profess to have any knowledge of those facts. | |
| **Rule 404 Relevance**<br>The accusations that Mr. Jones "no longer had any commitment to the principles and philosophy of the independent media movement (*Id.*, paragraph 6)," "it became apparent that he made a conscious decision not to care about accuracy" (*Id.*, paragraph 8)  and "it become [sic] standard practice in InfoWars to disregard basic protocols in journalism" (*Id.*, paragraph 9) violate Tex. R. Evid. R. 404(a)(1) prohibiting evidence of a character trait to prove that in a particular instance the actor acted in accordance with that trait. | Overruled  Sustained |
| **Rule 406 Relevance**<br>For evidence of routine or habit to be admissible under Rule 406, it must establish a regular response to a repeated specific situation.  See *Ortiz v. Glusman*, 334 S.W.3d 812, 816 (Tex. App. – El Paso 2011, pet. den.); *Johnson v. City of Houston*, 928 S.W.2d 251, 254 (Tex. App. – Houston [14th Dist.] 1996 no writ).  Although Mr. Clayton alludes to many occasions, he cites no examples.  This Court must take his word that they exist and that the undescribed incidents | Overruled  Sustained |

| | |
|---|---|
| are sufficiently similar. | |
| ***Rule 403 Relevance*** <br> Even if the Court determines that the undescribed (as to time, place, parties or substance) incidents are relevant, the prejudice of allowing Mr. Clayton's testimony is far outweighed by the danger of unfair prejudice and confusing the issues.  In order to determine admissibility, the Court would have to try each instance to determine whether it occurred and whether it evidences malice toward the truth in connection with the publication made the basis of this case.  Certainly Mr. Clayton has no right to usurp the Court's duties in this regard by substituting his judgment for the Court's. <br><br> If the undescribed incidents are inadmissible, because Plaintiffs have failed to make any showing that they were reasonably relied upon by Mr. Clayton (Indeed, how can the Court make such a determination absent any description?) Mr. Clayton's opinions founded upon them are not admissible. | Overruled  Sustained |

## 7.    OBJECTIONS TO AFFIDAVIT OF MARCUS TURNINI

| **Affidavit and Exhibit Objections** | **Court's Ruling on Objection** |
|---|---|
| The exhibits were unlawfully obtained in that they were evidently obtained for use in the litigation in violation of §9.1 of the Infowars terms of service which | Overruled Sustained |

| | |
|---|---|
| provides:<br>    "You may not copy or otherwise attempt to benefit or assist others to benefit, directly or indirectly, from use of our Licensed Materials or intellectual property of third parties other than through normal use of the Website." | |
| Relevance (Evid. R. 401).  The material deals with use by licensed subscribers of the Infowars Website.  It has nothing to do with whether the publication made the basis of this case is defamatory or any of the sub-issues (i.e. public or quasi-:-public figure, malice). | Overruled Sustained |

## 8.     OBJECTIONS TO EXHIBIT I

| Objections | Court's Ruling on Objection |
|---|---|
| 1.     It is not authenticated as required by Tex. R. Evid. R. 901. | Overruled  Sustained |
| 2.     It is not self-authenticating as permitted under Tex. R. Evid. R. 902(2); | Overruled  Sustained |
| 3.     It is not relevant under Tex. R. Evid. R. 401. | Overruled  Sustained |
| 4.     Any relevancy is far outweighed by the prejudice engendered by the document under Tex. R. Evid. R. 403. | Overruled  Sustained |
| 5.     It is hearsay and contains hearsay within hearsay. | Overruled  Sustained |

9.    OBJECTIONS TO EXHIBIT J - AFFIDAVIT OF FRED ZIPP

| Affidavit Statements | Objections | Court's Ruling on Objection | |
|---|---|---|---|
| Page 1, First paragraph under Scope of Review "whether assertions could be responsibly published" | Lack of foundation/predicate | Overruled | Sustained |
| | Not Relevant | Overruled | Sustained |
| | Vague and Ambiguous | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Lack of identification of materials reviewed | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Page 2, First paragraph under Background Knowledge of InfoWars, second sentence | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| Second paragraph under Background Knowledge of InfoWars "significant amount of time" | Vague and Ambiguous | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Second paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| Third paragraph under Background Knowledge of Infowars, second sentence | Conclusory | Overruled | Sustained |
| | Violates TRE 404 | Overruled | Sustained |
| | Lack of | Overruled | Sustained |

| | foundation/predicate | | |
|---|---|---|---|
| Fourth paragraph under Background Knowledge of Infowars, | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of predicate/foundation | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 3, First paragraph under number 1, first sentence | Conclusory | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Exhibit A-26 is hearsay, lacks a foundation and predicate and is not complete | Overruled | Sustained |
| Page 3, middle three paragraphs | Violates TRE 1002 | Overruled | Sustained |
| Last paragraph under number 1 at bottom of the page and continuing to page 4 beginning "My review…" First and second sentence. | Vague and Ambiguous ("suggests") | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Hearsay as to second and third sentence | Overruled | Sustained |
| Same paragraph, third sentence | Defendants incorporate the same objections to this sentence as they stated to | Overruled | Sustained |

| | the affidavit and conclusions of Mr. Fredericks. | | |
|---|---|---|---|
| | Not relevant | Overruled | Sustained |
| | Violates TRE 403 | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Same paragraph, fourth and fifth sentence | Not relevant | Overruled | Sustained |
| | Not probative | Overruled | Sustained |
| | Improper opinion of expert on question of law | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Speculation | Overruled | Sustained |
| Page 4, first paragraph under paragraph 2. | First sentence: Not relevant, violates TRE 404, conclusory, lack of foundation/predicate, hearsay, lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Not relevant, vague and ambiguous, conclusory, lack of foundation/predicate, lack of personal knowledge, hearsay | Overruled | Sustained |
| | Third sentence: Not relevant, vague and ambiguous, conclusory, lack | Overruled | Sustained |

| | of foundation/predicate, lack of personal knowledge, | | |
|---|---|---|---|
| First paragraph under 2. A. | Not relevant | Overruled | Sustained |
| | Lack of persona knowledge | Overruled | Sustained |
| Second paragraph under 2. A. | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Third paragraph under 2. A. | First sentence: Not relevant, conclusory, speculative | Overruled | Sustained |
| | Second and third sentence: Not relevant, hearsay, lack of personal knowledge, lack of foundation/predicate, | Overruled | Sustained |
| Page 5, top paragraph (under two top photos) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| Bottom paragraph (under two lower photographs) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |

| | lack of foundation/predicate | Overruled | Sustained |
|---|---|---|---|
| Bottom paragraph (under two lower photographs) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| Page 7, photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Page 7, top paragraph (under photo and above B.) | Not relevant, | Overruled | Sustained |
| | speculative, | Overruled | Sustained |
| | hearsay, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| Paragraph B. | Not relevant | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |
| | lack of foundation/predicate | Overruled | Sustained |
| Last paragraph (under B) | Not relevant | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | lack of personal knowledge, | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | lack of foundation/predicate | Overruled | Sustained |
| | Exhibit 24 is not complete | Overruled | Sustained |
| Page 8, top photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Page 8, top paragraph | Not relevant | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | | |
| Lower photo | Hearsay | Overruled | Sustained |
| | Not relevant | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Bottom paragraph | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Page 9 photo | Not relevant | Overruled | Sustained |

| | Hearsay | Overruled | Sustained |
|---|---|---|---|
| | Lack of foundation/predicate | Overruled | Sustained |
| First paragraph | First sentence: | | |
| | Not relevant, | Overruled | Sustained |
| | Lack of personal knowledge, | Overruled | Sustained |
| | Lack of foundation/predicate, | Overruled | Sustained |
| | conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, | Overruled | Sustained |
| | Lack of personal knowledge, | Overruled | Sustained |
| | Lack of foundation/predicate, | Overruled | Sustained |
| | conclusory, | Overruled | Sustained |
| | speculative | Overruled | Sustained |
| | Third sentence: | | |
| | "did not reasonably suggest any cover-up or manipulation": Not relevant, Lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Fourth sentence: Not relevant, Lack of personal | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | knowledge, Lack of foundation/predicate, conclusory | | |
| | Violates TRE 1002 | Overruled | Sustained |
| Paragraph C. | Not relevant | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| Last paragraph | First sentence: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Second and third sentence: Not relevant, Lack of personal knowledge, Lack of foundation/predicate, conclusory, hearsay | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Page 10 photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| Paragraph D. | Not relevant, Lack of personal knowledge | Overruled | Sustained |
| First paragraph under D. | First sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Third sentence: Not relevant, lack of personal knowledge, hearsay | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Exhibit A2 is hearsay, lacks a foundation and predicate and is not complete. | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge | Overruled | Sustained |
| Bottom paragraph | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of personal knowledge | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| | Conclusory | Overruled | Sustained |
| Page 11, photo | Not relevant | Overruled | Sustained |
| | Hearsay | Overruled | Sustained |
| | Lack of foundation/predicate | Overruled | Sustained |
| First paragraph (above E) | First sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate conclusory | Overruled | Sustained |
| Paragraph E | Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |

| | | | |
|---|---|---|---|
| First paragraph under E. | Both sentences: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Violates TRE 1002 | Overruled | Sustained |
| Bottom paragraph | First sentence: Not relevant, Lack of personal knowledge, lack of foundation/predicate, speculative, hearsay, conclusory – Violates TRE 1002 | Overruled | Sustained |
| | Second sentence: Not relevant, Lack of personal knowledge | Overruled | Sustained |
| | Third sentence: Not relevant, Lack of personal knowledge, lack of foundation/predicate, hearsay | Overruled | Sustained |
| | Fourth and fifth sentence including caption continuing on page 12: lack of foundation/predicate, hearsay | Overruled | Sustained |
| Page 12, top paragraph and captions | Not relevant, Hearsay, lack of foundation/predicate | Overruled | Sustained |
| Middle paragraph | First and second sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Third and fourth sentence: Not relevant, Hearsay. Lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Fifth and sixth sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Seventh through ninth sentences: Not relevant, Hearsay. Lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |
| | Tenth sentence: Not relevant, lack of foundation/predicate, lack of personal knowledge, speculation | Overruled | Sustained |
| | Eleventh sentence: Not relevant, conclusory, lack of foundation/predicate, speculation | Overruled | Sustained |
| Last paragraph continuing to page 13 | First sentence: Not relevant Second sentence: Not relevant, vague and ambiguous, hearsay, lack of foundation/predicate | Overruled | Sustained |
| | Third sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Last sentence: Not relevant, conclusory, lack of foundation/predicate, speculative | Overruled | Sustained |
| Page 13, paragraph 1 | Not relevant, conclusory, lack of foundation/predicate, Expert testimony not probative on matters of law | Overruled | Sustained |
| First paragraph under 1 | Not relevant, conclusory, | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | lack of foundation/predicate Expert testimony not probative on matters of law | | |
| All paragraphs under A starting on page 13 and continuing to the second to the last paragraph on page 19 | Not relevant, previous acts are outside of statute of limitations, violates TRE Rule 403, lack of personal knowledge, lack of foundation/predicate, hearsay Violates TRE 1002 | Overruled | Sustained |
| | Exhibits A3-A13 and A20-25 are not relevant, contain statements outside of statute of limitations, hearsay and lack foundation and predicate. | Overruled | Sustained |
| Page 19, bottom paragraph | First sentence: Lack of personal knowledge | Overruled | Sustained |
| | Second sentence: Lack of personal knowledge, lack of foundation/predicate, speculative, conclusory, expert opinion not reliable, expert opinion not needed to assist fact finder to interpret words used in broadcast (TRE Rule 702), opinion not based on stated broadcast (TRE Rule 703) – Violates TRE 1002 | Overruled | Sustained |
| | Third sentence: Not relevant; conclusory, lack of foundation/predicate, speculative, Expert opinion not probative on question of law or actual malice | Overruled | Sustained |

| | Last sentence: Not relevant; conclusory, lack of foundation/predicate, speculative, Expert opinion not probative on question of law or actual malice | Overruled | Sustained |
|---|---|---|---|
| Page 20, top paragraph | First sentence: Not relevant, lack of personal knowledge Violates TRE 1002 | Overruled | Sustained |
| | Second and third sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate Violates TRE 1002 | Overruled | Sustained |
| | Exhibit A28 is not authenticated, it is not relevant and it is not a complete transcript of that broadcast. | Overruled | Sustained |
| | Fourth sentence: Not relevant regarding accusations about a cover-up, lack of personal knowledge | Overruled | Sustained |
| | Fifth and sixth sentences: Not relevant,, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A29 lacks authentication, is not relevant and is not a complete copy of the broadcast. | Overruled | Sustained |
| Second paragraph, page 20 | Both sentences: Not relevant and lack of personal knowledge. | Overruled | Sustained |
| | Exhibit A30 lacks | Overruled | Sustained |

|  | authentication, is not relevant and is not a complete copy of the broadcast. |  |  |
|---|---|---|---|
| Third paragraph , page 20 (paragraph under B) | Not relevant, lack of foundation/predicate | Overruled | Sustained |
| Fourth paragraph, page 20 | All sentences: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative | Overruled | Sustained |
| Fifth paragraph, page 20 continuing to page 21 | All sentences: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative | Overruled | Sustained |
| Page 21, first paragraph | First sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory, lack of personal knowledge, hearsay | Overruled | Sustained |
|  | Second sentence: Not relevant, hearsay, lack of foundation/predicate | Overruled | Sustained |
|  | Third sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
|  | Fourth sentence and quotation: Not relevant, hearsay, lack of foundation/predicate, Quotation violates TRE | Overruled | Sustained |

| | 1002 | | |
|---|---|---|---|
| Second paragraph, page 21 | paragraph and quotation: Not relevant, hearsay, lack of foundation/predicate, violates TRE 1002 | Overruled | Sustained |
| Third paragraph, page 21 | First sentence: Not relevant, speculative, Expert opinion not probative on question of law, conclusory, lack of foundation/predicate | Overruled | Sustained |
| | Second sentence: Not relevant, speculative, Expert opinion not probative on question of law and actual malice, conclusory, lack of foundation/predicate, vague and ambiguous | Overruled | Sustained |
| | Third sentence: Not relevant, speculative, lack of personal knowledge, lack of foundation/predicate, conclusory. | Overruled | Sustained |
| Last paragraph, page 21 | First sentence: Not relevant, Expert opinion not probative on question of law, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| | Third sentence: Not relevant, lack of personal knowledge, lack of | Overruled | Sustained |

|  | foundation/predicate, conclusory | | |
| --- | --- | --- | --- |
|  | Last sentence: Lack of personal knowledge | Overruled | Sustained |
|  | Exhibit A26 is not authenticated, and is not a complete transcript of the broadcast | Overruled | Sustained |
| Page 22, first paragraph: | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Paragraph 2 | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Second paragraph (under 2) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Paragraph A | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
| Third paragraph, page 22 (under A) | First through third sentences: Not relevant, lack of foundation/predicate, speculative, conclusory | Overruled | Sustained |
|  | Fourth sentence: Defendants incorporate their objections to Mr. Fredericks affidavit, | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | not relevant, hearsay, lack of personal knowledge, lack of foundation/predicate | | |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Fourth paragraph, page 22 | First sentence: Not relevant, speculative, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Last sentence and photos: Not relevant, hearsay, lack of foundation/predicate | Overruled | Sustained |
| | Photos are hearsay; lack of personal knowledge; lack of authentication; lack of foundation/predicate; violates TRE 1002 | Overruled | Sustained |
| Last paragraph, page 22 continuing to page 23 | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Fourth sentence: Not | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | | |
| Page 23, paragraph B | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative; Violates TRE 403, 404 and 608(b) | Overruled | Sustained |
| First paragraph (under B) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Second sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |
| | Exhibit A1 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Third sentence:  Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |
| | Fourth sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate, | Overruled | Sustained |
| | Last sentence: Not relevant, lack of personal knowledge, conclusory, lack of foundation/predicate | Overruled | Sustained |

| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
|---|---|---|---|
| Second paragraph, page 23 | First paragraph: Not relevant | Overruled | Sustained |
| | Second sentence: Not relevant, violates TRE 404, lack of foundation/predicate, lack of personal knowledge, hearsay, vague and ambiguous | Overruled<br><br>Overruled | Sustained<br><br>Sustained |
| | Third sentence: Not relevant, hearsay, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Third paragraph, page 23 (above C) | First sentence Not relevant, speculative, conclusory, lack of personal knowledge, lack of foundation/predicate | Overruled | Sustained |
| | Second sentence: Not relevant, vague and ambiguous, lack of personal knowledge | Overruled | Sustained |
| | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Last sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law | Overruled | Sustained |
| Paragraph C | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative; violates TRE 403, 404, and 608(b) | Overruled | Sustained |
| Last paragraph, page 23 (under C) continuing to page 24 | Each sentence: Not relevant, entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice, violated TRE 404,403 | Overruled | Sustained |
| All other paragraphs on page 24 | Not relevant, violates TRE 404, 403, all paragraphs are objectionable as they seek to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Page 25 photo | Not relevant, violates TRE 404, 403 | Overruled | Sustained |
| Page 25, first paragraph (under photo) | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

| Paragraph D | Not relevant, Expert opinion not probative on question of law and actual malice, lack of foundation/predicate, conclusory, | Overruled | Sustained |
|---|---|---|---|
| Second paragraph, page 25 (under D) | Not relevant, Defendants also incorporate herein all objections to Mr. Pozner's affidavit | Overruled | Sustained |
| Third paragraph | First sentence: Not relevant, hearsay, lack of personal knowledge, | Overruled | Sustained |
| | Second sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A14 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Last sentence: Not relevant, hearsay, lack of foundation/predicate, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A15 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |

| | | | |
|---|---|---|---|
| Fourth paragraph | Each sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate, | Overruled | Sustained |
| | Exhibit A16 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Page 26, first paragraph | Each sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate<br><br>Exhibits A17 and A18 are not authenticated, are not relevant and are not complete transcripts of the broadcasts. | Overruled | Sustained |
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Second paragraph and quotation | Not relevant, lack of personal knowledge | Overruled | Sustained |
| | Exhibit A19 is not authenticated, is not relevant and is not a complete transcript of the broadcast. | Overruled | Sustained |

| | | | |
|---|---|---|---|
| | Entire paragraph is objectionable as it seeks to bolster improper expert opinion on question of law and actual malice | Overruled | Sustained |
| Third paragraph | First sentence: Not relevant, lack of personal knowledge, lack of foundation/predicate, conclusory | Overruled | Sustained |
| | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| Conclusion | First sentence: Not relevant, Expert opinion not probative on question of law and actual malice lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Second sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |
| | Third sentence: Not relevant, Expert opinion not probative on question of law and actual malice lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled | Sustained |

|  | Last sentence: Not relevant, Expert opinion not probative on question of law and actual malice, lack of personal knowledge, lack of foundation/predicate, conclusory, speculative | Overruled    Sustained |
|---|---|---|
| All websites listed in footnotes | Lack of authentication; lack of foundation/predicate; not relevant; violate TRE 404, 608(b) and 703.  In addition, footnotes 5, 6, 12, 13, 14-18, 41-43, 45 and 47 are hearsay. | Overruled    Sustained |

Dated: September _____, 2018.


_____

JUDGE

9/28/2018 3:28 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835
Hector Gaucin-Tijerina**

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR PROTECTIVE/CONFIDENTIALITY ORDER

Come now, Defendants Alex E. Jones, InfoWars, LLC, Free Speech Systems, LLC, and Owen Shroyer ("Defendants") and, subject to their right of appeal, file this Motion for Protective/Confidentiality Order and would show this Honorable Court as follows:

### I.

1.01   On July 13, 2018, Defendants timely filed their Motion to Dismiss Under the Texas Citizens Participation Act (the "Motion"). As required, Defendants obtained a hearing on that Motion within sixty days of its filing and the Court set it for hearing on August 30, 2018. Proper notice was given to Plaintiff's counsel and a week prior to that hearing, Plaintiffs' counsel announced ready. As noticed, the hearing occurred on August 30.

1.02   At the conclusion of that hearing and off the record, counsel for the Defendants discussed with the Court their concern that the Court was not be able to extend the hearing and thereby delay its decision for the period of time the Court had

granted to take discovery and continue the hearing. Defendants still believe that this Court must decide the Motion by the thirtieth day after that hearing occurred or it will be denied by operation of law pursuant to §27.005 (a) of the Texas Civil Practice & Remedies Code.[1]

1.03    Nevertheless and without waiving their position that this Court must rule on the Motion or otherwise the Motion will be denied by operation of law prior to any discovery being due from Defendants, Defendants file this motion for protective/confidentiality order in order to protect and keep confidential the private, proprietary and confidential information of Defendants that may be revealed in the ordered discovery.

## II.

2.01    This Court should enter an order protecting the confidential, private and proprietary information of the Defendants should discovery go forward. A court may in the interest of justice, issue a protective order to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of person, constitutional, or property rights under Texas Rules of Civil Procedure Rule 192.6.[2]

2.02    The Court should enter Defendants' proposed Protective/Confidentiality Order because such an order is necessary to protect confidential information. Defendants' proposed order limits the use of confidential information to this litigation and limits the

---

[1] Accordingly, Defendants once again request that this Honorable Court grant their Motion to Dismiss Under the Texas Citizens Participation Act before the expiration of thirty days after the hearing.
[2] See *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999).

persons allowed to access confidential documents, information and testimony to those specified in the order. In absence of such an order, Defendants' production of sensitive documents and testimony, without protection, risks tremendous harm to Defendants' constitutional rights to personal and financial privacy and to their businesses and employment.

2.03    As proposed by Defendants, the restrictions on the use of confidential information comply with the Texas Rules of Civil Procedure.[3]    Furthermore, such restrictions protect Defendants' interests, yet impose no unnecessary burdens on Plaintiff.

2.04    Pursuant to Texas Rules of Civil Procedure Rule 192.6, Defendants request that the Court enter the proposed Protective/Confidentiality Order or one modified to the extent necessary to protect Defendants' rights and interests in at least the following general ways:

a.    That all written discovery sent as well as all responses to discovery including answers, objections, and documents produced shall be protected as "Attorneys' Eyes Only" and the contents be restricted to only Plaintiff's attorneys as currently named in this case, Defendants and their counsel.

b.    That all depositions taken, if any, be restricted and that for the Plaintiff, only currently named counsel for the Plaintiff may appear, that non-parties cannot attend or be made aware of the testimony in general or in detail and that the transcription of and any video taken of the deposition be sealed so that only

---

[3] See Texas Rules of Civil Procedure Rule 192.6.

Plaintiff's currently named counsel and Defendants and their counsel can view and have access to such transcripts and videos.

c.      That any motions, responses, transcripts, replies or other documents relating to all discovery that may be filed, be filed as sensitive material in the court's file and shall not be available for inspection or copying by anyone other than Defendants' counsel and  Plaintiff's currently named counsel in this case.

2.05    Accordingly, Defendants request that the Court enter Defendants' proposed Protective/Confidentiality Order attached hereto as Exhibit "A."

## III.

## PRAYER

WHEREFORE PREMISES CONSIDERED, subject to their right to timely appeal this matter and without waiver of any appeal or other rights, Defendants  request that the Court grant this motion and enter the Protective/Confidentiality Order attached as Exhibit "A" in the event that discovery takes place.

RESPECTFULLY SUBMITTED,

GLAST, PHILLIPS & MURRAY, P.C.
_____/s/ Mark C. Enoch_____
Mark C. Enoch
State Bar No. 06630360
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:   972-419-8366
Facsimile:    972-419-8329
fly63rc@verizon.net

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2018, the foregoing was sent via efiletxcourts.gov's e-service system to the following:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002

*/s/ Mark C. Enoch*
Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## **PROTECTIVE/CONFIDENTIALITY ORDER**

1.     This Protection/Confidentiality Order governs all discovery, and all information disclosed, produced, or submitted by any party to any other party in connection with this lawsuit during the course of discovery.  "Discovery" includes all written discovery, request for production, interrogatories, requests for admissions, requests for disclosure, oral depositions, deposition transcripts, oral or video recording of a deposition, depositions on written questions to third parties, and subpoenas to third parties, and other documents exchanged between the parties for the purpose of sharing information regarding the facts of the case.  Confidential Discovery is Discovery which is marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.     This Order is entered for purposes of this lawsuit and shall remain in full force and effect until such time as the Parties agree otherwise or the Court enters a different order.  This Order will not be used in any manner or form, directly or indirectly,

**EXHIBIT "A"**

as evidence in any trial or any hearing, other than to resolve any issue related to the enforcement of any provisions of the Order.

3.     All Discovery shall be confidential and shall not be used or disclosed to any third party (except as provided herein).  No Discovery shall be filed with the Court without filing under seal.  The use or disclosure of Confidential Discovery in unsealed filings with the Court or the disclosure of Confidential Discovery to third parties shall be considered a violation and may be considered contempt of the Court's order punishable by the Court's authority to sanction the offending person.

## INSPECTION OF CONFIDENTIAL INFORMATION

4.     Except as provided herein, each person to whom Confidential Discovery containing confidential information is disclosed or made available shall first be advised of the existence and the contents of this Order.  Confidential Discovery may only be inspected or revealed by the Parties to the persons listed in paragraph 11 and 12 herein, provided that the disclosing Party is responsible to ensure that any person or entity who receives such Confidential Discovery shall maintain the document as confidential as set forth in this Order.  Discovery can also be revealed to court reporters and videographers at depositions.  Use or disclosure of any Confidential Discovery other than pursuant to the terms of this Order by an individual or entity provided by a disclosing Party shall be considered a violation and may be considered contempt of the Court's order punishable by the Court' authority to sanction the offending disclosing Party.  Any mediator in this case may be provided Confidential Discovery so long as the discovery is being disclosed

pursuant to confidential settlement negotiations and the mediator returns the Confidential

Discovery at the end of the mediation without making duplications/copies.

## **FILINGS OR HEARINGS IN THE PUBLIC RECORD**

5.      In all filings, hearings, or other interaction with the Court that is part of the

public record, the Parties shall maintain the confidentiality of the Discovery and shall not

file any document disclosing confidential information.

6.      Reference   to   Plaintiff,   Defendants,   or   the   Parties   to   this

Protective/Confidentiality Order also includes reference to any other person or entity

acting on any Party's behalf or in concert or in participation with any Party, directly or

indirectly, to the extent that any discovery in this lawsuit requires a person or entity other

than Plaintiff or Defendants to produce documents or tangible things or give testimony.

"Producing Party" shall mean a Party to this lawsuit that produces documents,

information and/or tangible things.

7.      Any Party or third party required to produce documents or tangible things

or give testimony or whose information is being produced may designate documents and

tangible things produced and/or exhibits as "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY."  In the event a Producing Party inadvertently fails to mark a confidential

document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Producing

Party may: (1) notify counsel of record for every other Party in writing specifically

identifying the material, and (2) provide a replacement copy of the document(s) marked

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8.     Testimony and information disclosed at a deposition of a Party or any other witness may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the deposition and within thirty (30) days following the depositions, any Party may designate any information disclosed during a deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  For the thirty (30) days following any deposition the Parties must treat all of the deposition testimony and exhibits as "ATTORNEYS' EYES ONLY."

9.     Any Party may contest the designation of any document, information or tangible things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by requesting in writing that the Producing Party change the designation.  If the Parties are unable to reach an agreement on the designation of such challenged documents within five (5) calendar days, the Party challenging the designation may at any time thereafter seek an order to alter the status of the challenged designation.

10.     Until any dispute under this paragraph is ruled upon by the presiding Judge, the designation will remain in full force and effect, and the documents, tangible things, testimony and information will continue to be accorded the confidential treatment required by this Protective Order.

11.     Except as noted in this paragraph 11, any documents, tangible things, testimony  or other information designated as "CONFIDENTIAL" shall be used solely for the purposes of this lawsuit and shall not be disclosed or made available to any person(s) other than those persons specified herein.  Persons who may have access to

documents or other information designated as "CONFIDENTIAL" shall include <u>only</u> the following persons:

      a.    The Parties, and the Producing Party, if other than Plaintiff or Defendants;

      b.    Counsel of record for the Parties, and counsel for the Producing Party, if other than Plaintiff or Defendants;

      c.    Consultants or experts retained in connection with this lawsuit provided that such consultant or expert shall acknowledge and accept the terms of this Protective/Confidentiality Order by first signing the attached Exhibits "A" and "B";

      d.    Court personnel, but only through sealed filings; and

      e.    Court reporters and videographers who first acknowledge and accept the terms of this Protective/Confidentiality Order by signing the attached Exhibit "A" and "B."

12.    Any documents, testimony, information or tangible things designated as "ATTORNEYS' EYES ONLY" shall be used solely for the purpose of this lawsuit and shall not be disclosed or made available to any person(s) other than those persons specified in this paragraph. Persons who may have access to documents or other information designated as "ATTORNEYS' EYES ONLY" shall include <u>only</u> the following persons:

      a.    Currently named Counsel of record for Plaintiff, Counsel for Defendants and the Producing Party; and

      b.    Employees of the Parties' counsel referenced above.

13.    If a Party wishes to use documents designated as "CONFIDENTIAL" in any affidavit, brief, memorandum of law, deposition transcript, or other paper filed with

this Court in this lawsuit, or as an exhibit to such paper, then such Party must file any document that contains such information under seal.  The Clerk of this Court shall maintain the paper under seal pending further order from this Court.

14.     If a Party is required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to produce documents or information that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," such Party will provide written notice immediately to every other Party, and the Producing Party in order to allow time to object to such production and otherwise seek protection.

15.     This Protective/Confidentiality Order shall not be deemed a waiver of (i) any right to object to any discovery requests on any grounds; (ii) any right to seek an order compelling discovery with respect to any discovery request; (iii) any right at any proceeding in this lawsuit to object to the admission of evidence on any ground; (iv) any right of a Party to use its own documents and translate them with complete discretion and/or (v) the right to seek a modification of this Protective/Confidential Order.

16.     Designation of a document or other information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not evidence that the document, other information or tangible thing is in fact confidential.  A party's failure to object to another Party's designation of any document or other information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be evidence or an admission that the designated document, tangible things or information is in fact confidential.

17.     Within thirty (30) days after the conclusion of this lawsuit including all appeals, the Parties as well as anyone who has executed Exhibits "A" and "B" are hereby Ordered to return to the Producing Party all testimony, including deposition transcripts, and all other documents or information that was produced to them and designated "CONFIDENTIAL" and all copies thereof.  It will be a direct violation of this Order if anyone retains any Confidential Discovery or any portion thereof after this thirty (30) day period.

18.     Persons or entities receiving any documents, tangible things or information shall be subject to this Court's jurisdiction and before being provided such documents, things, testimony or information, all persons who are referenced in paragraph 11(c) and (e) must first sign both Exhibit "A" and Exhibit "B" to this Order.  All such signed Exhibits "A" and "B" shall be immediately served on all Defendants' and Plaintiff's counsel.

SIGNED this _____ day of _____ 2018.


_____
PRESIDING JUDGE

AGREED IN ACCORDANCE WITH TEXAS RULE OF CIVIL PROCEDURE 11:

_____
Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:      972-419-8366
Facsimile:      972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS


_____
MARK D. BANKSTON
State Bar No. 24071066
mark@fbtrial.com
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
KASTER LYNCH FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

ATTORNEYS FOR PLAINTIFF

## EXHIBIT "A"

I _____ have read the attached Protective/Confidentiality Order (hereinafter "Protective/Confidentiality Order") entered by the Judge in Cause No. D-1-GN-18-001835 pending in 261st District Court, Travis County, Texas) hereinafter the "Lawsuit").   I agree to all the terms and conditions in the Protective/Confidentiality Order.

I agree that any dispute regarding my alleged violation of the Protective/Confidentiality Order shall be exclusively resolved by the 261st District Court, Travis County, Texas.

I agree to sole and exclusive jurisdiction and venue in the 261st District Court, Travis County, Texas for resolution of any alleged violation of the Protective/Confidentiality Order and /or regarding any of my actions or inactions that are in dispute.  I understand the serious nature and important privacy rights of the confidential information that I will receive by virtue of me signing this Affidavit.

Affiant's Signature:_____

Affiant's Printed Name:_____

STATE OF _____

COUNTY OF _____

Before me, a Notary Public, on this date personally appeared _____ known to be the person whose name is subscribed above on the foregoing instrument and upon his/her oath deposed and stated to me that he/she executed the same on behalf of himself/herself for the purpose of consideration therein expressed.

Given my hand and seal of office this _____ day of _____, 20___.

_____

Notary Public in and for the State of _____

My Commission Expires:_____

**EXHIBIT "B"**

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare and state under penalty of perjury that:

1.    I have received a copy of the Protective/Confidentiality Order in this lawsuit, which Order was entered on _____, 2018, and which copy is attached to this document.  I have been provided with a copy of this document.

2.    I have carefully read and understand all of the provisions of the Protective/Confidentiality Order.

3.    I will comply with all of the provisions of the Protective/Confidentiality Order.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective/Confidentiality Order, and will use only for the purposes of this lawsuit, any material designated "CONFIDENTIAL" (hereafter "Confidential Material") as defined in the Protective/Confidentiality Order, that is supplied to me.

5.    I will return each item of Confidential Material to the attorney who provided such document or tangible thing to me on the attorney's request.  Moreover, I will deliver any copies, abstracts, summaries, notes or other records regarding the

contents of any Confidential Material to the attorney who provided such Confidential Material to me on the attorney's request.  I will not thereafter retain any Confidential Material or any portion or excerpts thereof.

6.      I understand that if I violate the provisions of the Protective/Confidentiality Order, I will be in violation of a Court Order and subject to sanctions, contempt or other remedies that may be imposed by the Court and potentially liable in a civil lawsuit for damages.

7.      I hereby submit to the jurisdiction of the 261st Judicial District of Travis County, Texas for the purposes of enforcement of the Protective/Confidentiality Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Title or Position

Attachment: Copy of the Signed
Protective/Confidentiality Order

10/1/2018 10:31 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-001835**
Chloe Jimenez

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 53rd DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

---

### PLAINTIFF'S MOTION FOR CONTEMPT UNDER RULE 215

---

Comes now, Plaintiff Neil Heslin, and files this Motion for Contempt Under Rule 215, and would show the Court that Defendants have openly defied this Court's Order while explicitly rejecting this Court's authority. As shown below, Defendants' actions amount to a naked and aggressive act of contempt of Court.

### FACTS

On August 31, 2018, this Court entered an Order extending the hearing date on Defendants' TCPA Motion and ordered Defendants to respond to certain specified written discovery requests. During oral argument, the Court considered each of the individual discovery requests while hearing argument from counsel. The Court then made rulings, striking certain requests which the Court found legally objectionable or irrelevant for the purposes of Defendant's TCPA Motion. The Court ordered Defendants to respond to the remaining requests.

Defendants served their responses on October 1, 2018, and they are troubling to the say the least. First, Defendants' responses begin by admitting that "prior to

1

responding to these discovery requests," none of the parties had "searched all documents in [their] possession or control that may contain responsive information."[1] The reason Defendants made no efforts to search their files is found in the remaining responses, in which Defendants make clear they never had any intention of complying with the Court's Order.

In response to every Interrogatory or Request for Production, Defendant refused to answer. Rather than answer, Defendants asserted that the Court's Order of August 31, 2018 had been wrongly decided. For every request, Defendant pasted a lengthy boilerplate response which claimed that "the discovery is not relevant to the motion," and that "the court was without authority...to order discovery information, documents and testimony."[2] Defendants refused to produce any documents or answer any questions. Defendants' Responses are nothing more than a brazen act of defiance and outright rejection of this Court's authority.

It is also clear that Defendants had no intention of producing parties for deposition as ordered by the Court. Plaintiff has attempted to schedule these depositions with Defendants' counsel, and also tried to open a dialogue regarding designees for the two corporate depositions,[3] but Plaintiff has been ignored. Under

---

[1] *See* Exhibit 1, Defendants' Discovery Responses, at Request for Admission #1.
[2] *Id,* at all requests.
[3] *See* Exhibit 2, September 4, 2018 letter from Plaintiff's counsel.

the Court's Order, these depositions must be completed in a matter of days, though it is almost certain Defendants never had any intention of producing deponents.[4]

Defendants' unilateral rejection of this Court's Order threatens the integrity of these proceedings. As such, Plaintiff brings this Motion under Rule 215 of the Texas Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

Under Rule 215, if a party fails to obey an Order to provide discovery, the Court may, after notice and hearing, enter a variety of orders to address the violation. *See* Tex. R. Civ. P. 215.2. Some of the relevant orders include:

- an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

- an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

- an order treating as a contempt of court the failure to obey the discovery order.

Finally, "in lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was

---

[4] It should also be noted that on September 28, 2018, without conferring with Plaintiff in any way, Defendants filed a last-minute Motion for Protective Order. In an outrageously unconstitutional request, the Motion seeks to seal all future discovery in this case.

substantially justified or that other circumstances make an award of expenses unjust." *See* Tex. R. Civ. P. 215.2(b)(7) (emphasis added).

Here, all the orders above would be appropriate. First, Defendants' disobedience relates directly to its TCPA motion. Despite this Court's ruling that the Plaintiff's requests were relevant to the motion and should be answered, Defendants willfully withheld this discovery. Under Rule 215.2(b)(3), this Court has the discretion to find that the matters withheld from discovery would have satisfied Plaintiff's burden under the TCPA.

Alternatively, this Court could rule under Rule 215.2(b)(4) that Defendants are simply not permitted to claim the defense of the TCPA due to their refusal to comply with the Order. In either case, there is "a direct relationship between the offensive conduct and the sanction imposed." *Dibco Underground, Inc. v. JCF Bridge & Concrete, Inc.,* 03-09-00255-CV, 2010 WL 1413071, at *4 (Tex. App.—Austin Apr. 8, 2010, no pet.). Beyond the mandatory award of costs, the choice of other sanctions is left to the sound discretion of the Court. *Horizon Health Corp. v. Acadia Healthcare Co., Inc.,* 520 S.W.3d 848, 884 (Tex. 2017).

## CONCLUSION

Due to Defendants' flagrant rejection of the Court's order, Plaintiff prays that this Court grant his Motion and order Defendants to appear and show cause why they should not be held in contempt of court for failure to comply with the Court's Order to respond to specified written discovery.

4

Respectfully submitted,

**FARRAR & BALL, LLP**

_____
MARK D. BANKSTON
State Bar No. 24071066
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2018 the forgoing document was served upon the following in accordance to Rule 21 of the Texas Rules of Civil Procedure:

***<u>Via E-Sevice: fly63rc@verizon.net</u>***

Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

_____
MARK D. BANKSTON

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

### DEFENDANT FREE SPEECH SYSTEMS, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:     Neil Heslin by and through his attorney of record, Mark D. Bankston, Kyle M. Farrar and William R. Ogden, 1010 Lamar, Suite 1600, Houston, Texas 77002

Pursuant to Rules 196.2, 197.2 and 198.2 of the Texas Rules of Civil Procedure,

Defendant Free Speech Systems, LLC provides the following responses to Plaintiff's

Requests for Admissions, Requests for Interrogatories and Requests for Production.


**I.**

### RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act").

Ex. 1

Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## REQUEST FOR ADMISSION NO. 2:
Admit that as of June 26, 2017, Free Speech Systems, LLC knew it was possible that Neil Heslin held his dead son and saw a bullet wound to his forehead.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

**REQUEST FOR ADMISSION NO. 3:**
Admit that Free Speech Systems, LLC was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26,2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## REQUEST FOR ADMISSION NO. 4:
Admit that Free Speech Systems, LLC possesses intellectual property rights and copyright over the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## II.

## RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying information used in answering these discovery requests and identify their job duties at Free Speech Systems, LLC.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## INTERROGATORY NO. 2:

Identify every employee or agent of Free Speech Systems, LLC who was involved in the creation, research, editing, marketing, funding, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece," and describe their specific role.

## ANSWER:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 3:**

For each person who had ownership interest in Free Speech Systems, LLC on June 26, 2017, state:

- a)    their full name
- b)    the date(s) upon which the person acquired their ownership interest.
- c)    the kind of consideration paid or promised for the ownership interest and the date(s) on which it was paid or promised.
- d)    the percentage of that individual's ownership interest.
- e)    whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of Free Speech Systems, LLC, and, if so, the identity of the other person and the nature of the Relationship.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 4:**
Identify each person who has served as an officer, director, or management-level employee of Free Speech Systems, LLC at any time during the past five years.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

# III.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

A copy of all documents relating to Sandy Hook which have been deleted or removed from public availability since the inception of this lawsuit.

### RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

### REQUEST FOR PRODUCTION NO. 2:

All documents or communications which reference the following topics:

a)    Neil Heslin or his son
b)    Dr. Wayne Carver
c)    Zero Hedge
d)    ZeroPointNow
e)    iBankCoin.com
f)    Jim Fetzer

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 3:**
Transcripts of all InfoWars videos in which the Plaintiff is discussed.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 4:**
A copy of all articles featuring Sandy Hook posted on a website operated under the brand name "InfoWars" from December 14, 2012 to June 25, 2018.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be

denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome as well as vague and ambiguous.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 5:**
All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony

pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 6:
All documents or communications relating to the July 20, 2017 video in which the June 26 video featuring Mr. Shroyer was re-published.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 7:**
All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 8:**
All document or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants'

Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 9:**
All documents relating to disciplinary or corrective actions taken against any employee or agent of InfoWars due to the publication of false or incorrect information during the past ten years.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30

for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 10:
All documents used to train or instruct InfoWars' employees of the vetting of factual information for publication, as in effect on June 26, 2017.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 11:
All documents reflecting policies for the factual vetting of information published by InfoWars, as in effect on June 26, 2017.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 12:**
All documents setting forth InfoWars' editorial standards or guidelines, as in effect on June 26, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 13:**

All documents setting forth InfoWars' prior or superseded editorial standards or guidelines, as in effect between December 14, 2012 and June 25, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 14:**

All documents setting forth InfoWars' disciplinary rules or code of conduct for reporters and editorial staff, as in effect on June 26, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 15:**

All documents setting forth InfoWars' prior or superseded disciplinary rules or code of conduct for reporters and editorial staff, as in effect between December 14, 2012 and June 25, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of

admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 16:
Owen Shroyer's employment agreement.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery

will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 17:
An organizational chart for Free Speech Systems, LLC as of June 26, 2017.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony

pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 18:

All documents or communications reflecting the ownership of The Alex Jones Show, InfoWars.com, the InfoWars' brand, and its related intellectual property from 2017 to the present.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 19:**
All contracts in effect between Free Speech Systems, LLC and InfoWars, LLC.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 20:

All incorporating documents for Free Speech Systems, LLC, including article of incorporation, bylaws, certificate of incorporation, and notice of incorporation.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Dated: October 1, 2018.

GLAST, PHILLIPS & MURRAY, P.C.

Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:     972-419-8366
Facsimile:     972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on October 1, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002

Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANT INFOWARS, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   Neil Heslin by and through his attorney of record, Mark D. Bankston, Kyle M. Farrar and William R. Ogden, 1010 Lamar, Suite 1600, Houston, Texas 77002

Pursuant to Rules 196.2, 197.2 and 198.2 of the Texas Rules of Civil Procedure,

Defendant InfoWars, LLC provides the following responses to Plaintiff's Requests for

Admissions, Requests for Interrogatories and Requests for Production.

### I.

### RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
Admit that InfoWars, LLC was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be

ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.


**REQUEST FOR ADMISSION NO. 2:**
Admit that InfoWars, LLC possesses intellectual property rights and copyright over any part of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece."

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and /or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be

available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## REQUEST FOR ADMISSION NO. 3:

Admit that InfoWars, LLC has the authority to remove content from InfoWars.com if InfoWars, LLC determines that the content violates the rights of others or is not appropriate for the website.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## II.

## RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying information used in answering these discovery requests and identify their job duties at InfoWars, LLC.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 2:**
Describe the business purpose of InfoWars, LLC.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 3:**
Describe all the ways in which InfoWars, LLC generates revenue.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30

for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 4:**
Identify every employee or agent of InfoWars, LLC who was involved in the creation, research, editing, marketing, funding, staffing, distribution, or publication of the June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece," and describe their specific role.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## INTERROGATORY NO. 5:
Does InfoWars, LLC share office space with any other named party?

## ANSWER:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## INTERROGATORY NO. 6:
Does InfoWars, LLC share common employees with any other named party?

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 7:**

Has an employee or agent of InfoWars, LLC ever rendered services on behalf on any named other party, or has an employee or agent of any named party ever rendered services on behalf on InfoWars, LLC?  Describe.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 8:**
Has InfoWars, LLC ever made an undocumented transfer of funds to any named party, or has any named party ever made an undocumented transfer of funds to InfoWars, LLC? Describe.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## INTERROGATORY NO. 9:

For each person who had ownership interest in InfoWars, LLC on June 26, 2017, state:

  a)      their full name

  b)      the date(s) upon which the person acquired their ownership interest.

  c)      the kind of consideration paid or promised for the ownership interest and the date(s) on which it was paid or promised.

  d)      the percentage of that individual's ownership interest.

  e)      whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of InfoWars, LLC, and, if so, the identity of the other person and the nature of the relationship.

## ANSWER:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 10:**
Identify each person who has served as an officer, director, management-level employee of InfoWars, LLC at any time during the past five years.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## III.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**
An organization chart for InfoWars, LLC as of June 26, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 2:**
All contracts in effect between InfoWars, LLC and any other party.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 3:**
All documents in the possession of InfoWars, LLC regarding the ownership, management, or administration of the InfoWars.com website.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery

will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 4:
All incorporating documents for InfoWars, LLC, including article of incorporation, bylaws, certificate of incorporation, and notice of incorporation.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be

available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 5:**
All documents or communication reflecting the ownership of The Alex Jones Show, InfoWars.com, the InfoWars brand, and its related intellectual property from 2017 to the present.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 6:
All contracts in effect between Free Speech Systems, LLC and InfoWars, LLC.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered.  Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Dated:  October 1, 2018.

GLAST, PHILLIPS & MURRAY, P.C.

Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:      972-419-8366
Facsimile:      972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on October 1, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002

Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANT ALEX E. JONES RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  Neil Heslin by and through his attorney of record, Mark D. Bankston, Kyle M. Farrar and William R. Ogden, 1010 Lamar, Suite 1600, Houston, Texas 77002

Pursuant to Rules 196.2, 197.2 and 198.2 of the Texas Rules of Civil Procedure,

Defendant Alex E. Jones provides the following responses to Plaintiff's Requests for

Admissions, Requests for Interrogatories and Requests for Production.

### I.

### RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS

#### REQUEST FOR ADMISSION NO. 1:
Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

#### RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery

will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.


**REQUEST FOR ADMISSION NO. 2:**
Admit that as of June 26, 2017, you had the right to direct or control the work performed by employees of Free Speech Systems, LLC and InfoWars, LLC.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## II.

## RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Describe your job duties, responsibilities, and authority with Free Speech Systems, LLC as of June 26, 2017.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 2:**
Describe your job duties, responsibilities, and authority with InfoWars, LLC as of June 26, 2017.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 3:**
Describe your education and training in journalism.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act").

Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 4:**
Describe your process for ensuring that factual assertions made in InfoWars programming are vetted for accuracy as of June 26, 2017.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## III.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All communications, including letters, memoranda, emails, text messages, instant messenger logs, or other electronic communications in which the follow topics are referenced:

- a) Neil Heslin or his son
- b) Dr. Wayne Carver
- c) Zero Hedge
- d) Jim Fetzer

### RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

---

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 2:

All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 3:

All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 4:**
All documents or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 5:

All communications between you and Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding policies and procedures for the factual vetting for reporting on InfoWars programming.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 6:

All communications between you and Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding Megyn Kelly.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 7:

All contracts between you, Owen Shroyer, InfoWars, LLC, or Free Speech Systems, LLC.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Dated: October 1, 2018.

GLAST, PHILLIPS & MURRAY, P.C.

Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:    972-419-8366
Facsimile:    972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on October 1, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002

Mark C. Enoch

NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| | § | |
| *Defendants* | § | 261st JUDICIAL DISTRICT |

## DEFENDANT OWEN SHROYER'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, REQUESTS FOR INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  Neil Heslin by and through his attorney of record, Mark D. Bankston, Kyle M. Farrar and William R. Ogden, 1010 Lamar, Suite 1600, Houston, Texas 77002

Pursuant to Rules 196.2, 197.2 and 198.2 of the Texas Rules of Civil Procedure,

Defendant Owen Shroyer provides the following responses to Plaintiff's Requests for

Admissions, Requests for Interrogatories and Requests for Production.

## I.

## RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:
Admit that prior to responding to these discovery requests, you searched all documents in your possession or control that may contain responsive information.

### RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered.  Because the court has previously determined that any documents and discovery

will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.


**REQUEST FOR ADMISSION NO. 2:**
Admit that as of June 25-26, 2017, you knew it was possible that Neil Heslin held his dead son and saw a bullet wound to his forehead.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

**REQUEST FOR ADMISSION NO. 3:**
Admit that on June 25-26, 2017, you had no legitimate basis to claim it was impossible for Neil Heslin to have held his dead son and saw a bullet wound to his forehead.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of June 26, 2017, you were employed by Free Speech Systems, LLC.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request in that it seeks confidential, private and proprietary financial, personal and business information and documents that are protected by the Texas and United States Constitutions.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

**REQUEST FOR ADMISSION NO. 5:**
Admit that as of June 26, 2017, Alex Jones had the right to direct or control the work you perform.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

**REQUEST FOR ADMISSION NO. 6:**
Admit that as of June 26, 2017, agent(s) of InfoWars, LLC had the right to direct or control the work you perform.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be

denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to these objections, this request is denied.

## II.

## RESPONSES TO FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:
Identify every step you took in assessing the credibility of Jim Fetzer.

### ANSWER:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be

available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Defendants further object to this request because it impermissibly attempts to force Defendants to marshal their evidence.

**INTERROGATORY NO. 2:**
Identify every step you took in assessing the credibility of Zero Hedge.

**ANSWER:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Defendants further object to this request because it impermissibly attempts to force Defendants to marshal their evidence.

## INTERROGATORY NO. 3:
Describe your education and training in journalism.

## ANSWER:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## III.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:
All communications, including letters, memoranda, emails, text messages, instant messenger logs, or other electronic communications in which the follow topics are referenced:

    a)    Neil Heslin or his son
    b)    Dr. Wayne Carver

      c)      Zero Hedge

      d)      Jim Fetzer

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 2:**

All documents or communications relating to the June 26, 2017 YouTube video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece" or the episode of InfoWars programming it originated from.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act").

Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.


## REQUEST FOR PRODUCTION NO. 3:

All documents or communications relating to Neil Heslin's interview with Megyn Kelly on June 18, 2017.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 4:

All documents or communications relating to Neil Heslin's interview with Megyn Kelly on April 19, 2018.

## RESPONSE:

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## REQUEST FOR PRODUCTION NO. 5:

All communications between you and Alex Jones, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding policies and procedures for the factual vetting for reporting on InfoWars programming.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 6:**
All communications between you and Alex Jones, InfoWars, LLC, or Free Speech Systems, LLC, or anyone acting on their behalf, regarding Megyn Kelly.

**RESPONSE:**

Defendants object to this request because it seeks irrelevant information and/or documents and the request, as timed, is not calculated to lead to the discovery of admissible evidence in connection with this Court's consideration of the Defendants' Motion to Dismiss Under the Texas Citizens Participation Act ("TCPA" or the "Act"). Under §27.006 (b) of the TCPA, only limited discovery relevant to the motion may be ordered. Because the court has previously determined that any documents and discovery will not be considered by it until November 1, 2018 by which time the motion will be

denied by operation of law, the discovery is not relevant to the court's consideration of or ruling on the motion. Accordingly, the discovery is not relevant to the motion.

Defendants further object to this request as the court was without authority to continue the hearing that occurred after all counsel had announced "ready "on August 30 for more than 30 days or to order discovery of information, documents and testimony pursuant to §27.006 (b) of the Act that was not intended to be and that could not be available to the court for consideration before the motion was to be denied by operation of law.

Besides seeking irrelevant documents, this request is overly broad and burdensome.

Defendants further object to this request because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Dated: October 1, 2018.

GLAST, PHILLIPS & MURRAY, P.C.

Mark C. Enoch
State Bar No. 06630360

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:     972-419-8366
Facsimile:      972-419-8329
fly63rc@verizon.net

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below via efile.txcourts.gov's e-service system on October 1, 2018:

Mark Bankston
Kyle Farrar
Kaster, Lynch, Farrar & Ball, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002

_____
Mark C. Enoch



KASTER LYNCH
FARRAR & BALL LLP

TEXAS | FLORIDA

September 4, 2018

**_Via Facsimile: (972) 419-8329_**

Mr. Mark C. Enoch
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Ste. 500
Dallas, Texas 75254

   Re: Cause No. D-1-GN-18-001835, *Neil Heslin vs. Alex E. Jones, InfoWars, LLC, Free Speech Systems, LLC, and Owen Shroyer*, In the 261st District Court of Travis County, Texas

Mr. Enoch:

   In light of our expedited timeline, please provide dates as soon as possible between October 10th and October 22nd for the depositions of Free Speech Systems, LLC, InfoWars, LLC, Alex Jones, and Owen Shroyer.

   With respect to the two corporate entities, the following are specific matters on which examination is requested under Rule 199.2(b)(1):

1) The June 26, 2017 video entitled "Zero Hedge Discovers Anomaly in Alex Jones Hit Piece," the June 25, 2017 episode of the Alex Jones Show, and the July 20, 2017 episode of The Alex Jones, including the research, writing, production, editing, marketing, funding, distribution or publication of these videos.

2) The corporation's knowledge and communications regarding Neil Heslin, Dr. Wayne Carver, Zero Hedge, or Jim Fetzer.

3) The corporation's structure, both in terms of corporate form and in terms of personnel, including their job duties.

4) The ownership interest(s) in the corporation.

5) The corporation's contracts, business relationship, and commercial interactions with any other named defendant.

6) The nature of the corporation's business, including the character of its day-to-day operations and its method(s) of generating revenue.

Ex. 2

7) The corporation's involvement in the ownership or administration of the InfoWars website.

8) The editorial process for InfoWars programming, including the process for researching and vetting the accuracy of content, policies on sourcing, and the rules and responsibilities for editorial employees and on-air talent.

9) The corporation's knowledge of efforts to preserve InfoWars' materials which have been removed from the public domain since the inception of the lawsuit.

10) The responses provided and documents produced by the corporation in answering Plaintiff's expedited discovery requests.

We further request that by September 26th, you identify the individual(s) you have designated under Rule 199.2(b)(1) on behalf of the two corporate entities.

In anticipation of your response,

Mark D. Bankston

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 53rd DISTRICT COURT |
| OWEN SHROYER, | § | |
| *Defendants* | § | |

---

**PROPOSED ORDER ON PLAINTIFF'S
MOTION FOR CONTEMPT UNDER RULE 215**

---

Having considered Plaintiff's Motion for Contempt Under Rule 215, the Court finds that the Motion should be granted, and hereby ORDERS that:

( )    Pursuant to Rule 215.2, this Court finds that Defendants' failure to obey the Court's discovery order shall be treated as a contempt of court.

( )    Defendants shall pay a sanction of $_____ per day until they have complied with the Court's Order.

( )    Pursuant to Rule 215.2, the matters regarding which the order was made -- discovery in aid of Plaintiff's burden under TCPA -- shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

( )    Pursuant to Rule 215.2, the Court orders that Defendants are not permitted to support or oppose designated claims or defenses. For the purposes of

this Order, Defendants are not permitted to claim a defense under the TCPA, having disobeyed the court's previous discovery order regarding their Motion.

( )   Pursuant to Rule 215.2, the Court shall require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the Court, the reasonable expenses, including attorney fees, caused by the failure. Here, the Court does not find that the failure was substantially justified or that other circumstances make an award of expenses unjust. As such, the Court orders the following costs and expenses to be paid:

- By Defendants:  $_____
- By Counsel:      $_____

( )   Pursuant to Rule 215.2, the Court orders that the costs assessed in this Order shall be paid within 30 days.

So ORDERED this _____ day of _____, 2018.


_____
Scott Jenkins
Travis County District Judge

Respectfully submitted and entry requested,

**FARRAR & BALL, LLP**


_____
MARK D. BANKSTON

State Bar No. 24071066
KYLE W. FARRAR
State Bar No. 24034828
WILLIAM R. OGDEN
State Bar No. 24073531
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax