**<u>EXHIBIT B  (contd.)</u>**

**Copy of All Filings with State Court**

Filed in The District Court
of Travis County, Texas

AR    DEC 03 2021
At    3:30    P    M.
Velva L. Price, District Clerk

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER, | § | |
| *Defendants* | § | 459th DISTRICT COURT |

D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN DISTRICT COURT OF |
| VERONIQUE DE LA ROSA | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| AND FREE SPEECH SYSTEMS, LLC, | § | |
| *Defendants* | § | 459th DISTRICT COURT |

## ORDER ON MOTION FOR PROTECTIVE ORDER OF CONFIDENTIALITY

On this day, the Court considered Plaintiffs' Unopposed Motion for Protective Order of Confidentiality. The Court finds there is good cause to grant the Motion, and hereby ORDERS that the February 25, 2019 Protective Order entered in the *Lewis* matter shall apply to the *Heslin* and *Pozner* cases.

Dated **December 2**, 2021.

Hon. Maya Guerra Gamble

# Exhibit 1
# Lewis Protective
# Order

Filed in The District Court
of Travis County, Texas

FEB 25 2019

At _____ 3:30 P.M.
Velva L. Price, District Clerk

NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| and FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants* | § | 98th JUDICIAL DISTRICT |

## PROTECTIVE ORDER OF CONFIDENTIALITY

In order to preserve the rights of litigants in these proceedings to claim the confidentiality of certain documents to be produced in discovery by the parties, the Court orders as follows:

1. This Protection/Confidentiality Order governs all discovery, and all information disclosed, produced, or submitted by any party to any other party in connection with this lawsuit during the course of discovery.

2. This Order is entered for purposes of this lawsuit and shall remain in full force and effect until such time as the Parties agree in writing otherwise or the Court enters a different order. This Court shall retain jurisdiction to make amendments and modifications to this Order as the Court may deem appropriate, as well as to resolve any disputes.

## TERMS

3. "Discovery includes all written discovery, request for production, interrogatories, requests for admissions, requests for disclosure, oral depositions, deposition transcripts, oral or

video recording of a deposition, depositions on written questions to third parties, and subpoenas to third parties, and other documents exchanged between the parties for the purpose of sharing information regarding the facts of the case.

4. "Confidential Information" means information that constitutes a trade secret, reveals valuable and sensitive proprietary data or commercial information, or otherwise qualifies for legal protection under Texas law.

5. "Confidential Discovery" means discovery or any materials within the scope of Tex. R. Civ. P. 192 to be produced or otherwise disclosed by the parties in this case and which also contains Confidential' Information.

6. "Similar InfoWars Sandy *Hook* Lawsuit" means any other lawsuit in which any of the Defendants have been sued on the basis of their conduct relating to the Sandy *Hook* Elementary School Shooting.

7. Reference to Plaintiff, Defendants, or the Parties to this Protective/Confidentiality Order also includes reference to any other person or entity acting on any Party's behalf or in concert or in participation with any Party, directly or indirectly, to the extent that any discovery in this lawsuit requires a person or entity other than Plaintiff or Defendants to produce documents or tangible things or give testimony.

8. "Producing Party" shall mean a Party to this lawsuit that produces documents, information and/or tangible things.

## DESIGNATION OF CONFIDENTIAL DISCOVERY

10. A document or tangible thing that the Producing Party determines in good faith to be Confidential Discovery can be claimed as confidential by (1) stamping the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the document, or (2) using any other

PROTECTIVE ORDER OF CONFIDENTIALITY -- Page **2** of **8**

reasonable method agreed to by the Parties. Such stamping shall not obscure any writings on the documents.

11. In the event a Producing Party inadvertently fails to mark a confidential document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Producing Party or any Party may: (1) notify counsel of record for every other Party in writing specifically identifying the material, and (2) provide a replacement copy of the document(s) marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

12. Testimony and information disclosed at a deposition of a Party or any other witness may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the deposition, and within thirty (30) days following the depositions, any Party may designate any information disclosed during a deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For the thirty (30) days following any deposition, the Parties must treat all of the deposition testimony and exhibits and other documents produced at any deposition as "ATTORNEYS' EYES ONLY."

13. By designating a document as Confidential Discovery pursuant to paragraphs 9, 10 or 11, the Producing Party represents that it has made a bona fide, good faith determination that the document does, in fact, contain Confidential Information.

## CHALLENGING DESIGNATION

14. Any Party may contest the designation of any document, information or tangible things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by requesting in writing that the Producing Party change the designation. If the Parties are unable to reach an agreement on the designation of such challenged documents within five (5) business days, the

Party challenging the designation may at any time thereafter seek an order to alter the status of the challenged designation.

14.     Until any dispute over designation is ruled upon by the presiding Judge, the designation will remain in full force and effect, and the documents, tangible things, testimony and information will continue to be accorded the confidential treatment required by this Protective Order.

### AUTHORIZED USE OF CONFIDENTIAL DISCOVERY

15.     Confidential Discovery shall be used solely for the purposes of this lawsuit and shall not be disclosed or made available to any person(s) other than those persons specified herein. Persons who may have access to documents or other information designated as "CONFIDENTIAL" shall include only the following persons:

> a.     The Parties, and the Producing Party, if other than Plaintiff or Defendants;
>
> b.     The Plaintiffs in any Similar InfoWars Sandy Hook Lawsuit.
>
> c.     Counsel of record for the Parties, and counsel for the Producing Party, if other than Plaintiff or Defendants, and their respective employees;
>
> d.     Counsel of record for the Parties in any Similar InfoWars Sandy Hook Lawsuit, and their respective employees.
>
> e.     Consultants or experts retained in connection with this lawsuit provided that such consultant or expert shall acknowledge and

accept the terms of this Protective / Confidentiality Order by first signing the attached Exhibit "A";

f. Consultants or experts retained in connection with any Similar InfoWars Sandy Hook Lawsuit provided that such consultant or expert shall acknowledge and accept the terms of this Protective / Confidentiality Order by first signing the attached Exhibit "A."

g. Court personnel; and

h. Court reporters and videographers who first acknowledge and accept the terms of this Protective/Confidentiality Order by signing the attached Exhibit "A."

16. All such signed Exhibits "A" completed by persons under subparts (c) or (e) shall be immediately served on all Defendants' and Plaintiff's counsel.

17. Any documents, testimony, information or tangible things designated as "ATTORNEYS' EYES ONLY" shall be used solely for the purpose of this lawsuit and any Similar InfoWars Sandy Hook Lawsuit and shall not be disclosed or made available to any person(s) other than those persons specified below. Persons who may have access to documents or other information designated as "ATTORNEYS' EYES ONLY" shall include only the following persons:

a. Counsel of record for the Parties, and counsel for the Producing Party, if other than Plaintiff or Defendants, and their respective employees;

b. Counsel of record for the Parties in any Similar InfoWars Sandy Hook Lawsuit, and their respective employees.

PROTECTIVE ORDER OF CONFIDENTIALITY -- Page 5 of 8

18.     If a Party is required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to produce documents or information that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," such Party will provide written notice immediately to every other Party, and the Producing Party in order to allow time to object to such production and otherwise seek protection.

## INSPECTION OF CONFIDENTIAL DISCOVERY

19.     Except as provided herein, each person to whom Confidential Discovery containing confidential information is disclosed or made available shall first be advised of the existence and the contents of this Order. Confidential Discovery may only be inspected or revealed by the Parties to the persons listed in paragraph 15 and 17 herein, provided that the disclosing Party is responsible to ensure that any person or entity who receives such Confidential Discovery shall maintain the document as confidential as set forth in this Order.

20.     Any mediator in this case or any Similar Travis County InfoWars Lawsuit may be provided Confidential Discovery so long as the Confidential Discovery is being disclosed pursuant to confidential settlement negotiations and the mediator returns the Confidential Discovery at the end of the mediation without making duplications/copies.

## FILINGS OR HEARINGS IN THE PUBLIC RECORD

21.     If a party wishes to include a document, or portions of a document marked as "Confidential" or "Attorney's Eyes Only" in a pleading or other paper to be filed with the Clerk, that party shall serve the pleading or other paper on opposing parties but shall not file it. Service alone shall constitute filing for the purpose of any deadline. For 7 days following service, no party shall file the pleading or other paper with the Clerk except pursuant to a

ruling on a motion for a Temporary Sealing Order under Rule 76a. Immediately thereafter, if no motion for a Temporary Sealing Order has been granted, the party who served the pleading or other paper shall file it unsealed with the Clerk.

22. If a party wishes to offer a document, or portions of a document marked as "Confidential" or "For Counsel Only" in evidence, any party may, at the time the document is offered, move for a Temporary Sealing Order.

## ORDER DOES NOT WAIVE CERTAIN RIGHTS

23. This Protective/Confidentiality Order shall not be deemed a waiver of (i) any right to object to any discovery requests on any grounds; (ii) any right to seek an order compelling discovery with respect to any discovery request; (iii) any right at any proceeding in this lawsuit to object to the admission of evidence on any ground; (iv) any right of a Party to use its own documents and translate them with complete discretion and/or (v) the right to seek a modification of this Protective/Confidential Order.

24. Designation of a document or other information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not evidence that the document, other information or tangible thing is in fact confidential. A party's failure to object to another Party's designation of any document or other information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be evidence or an admission that the designated document, tangible things or information is in fact confidential.

## RETURN OF CONFIDENTIAL DISCOVERY

25. Within thirty (30) days after the conclusion of this lawsuit including all appeals, the Parties, their counsel as well as anyone who has executed Exhibit "A" are hereby Ordered to return to the Producing Party all testimony, including deposition transcripts, and

all other documents or information that was produced to them and designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all copies thereof. It will be a direct violation of this Order if anyone retains any Confidential Discovery (whether marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") or any portion thereof after this thirty (30) day period.

26. This Order will not be used in any manner or form, directly or indirectly, as evidence in any trial or any hearing, other than to resolve any issue related to the enforcement of any provisions of the Order.

SIGNED this 25th day of February, 2019.

_____
PRESIDING JUDGE

PROTECTIVE ORDER OF CONFIDENTIALITY -- Page **8** of **8**

Filed in The District Court
of Travis County, Texas

AR    DEC 13 2021
At    4:00    P.M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, AND | § | |
| OWEN SHROYER | § | |
| | § | |
| *Defendants,* | § | 261ˢᵗ JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 459ᵗʰ JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN THE DISTRICT COURT OF |
| VERONIQUE DE LA ROSA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 459ᵗʰ JUDICIAL DISTRICT |

## ~~[PROPOSED]~~ ORDER ON PLAINTIFF'S
## MOTION FOR PROTECTION REGARDING MARC RANDAZZA

On the 25ᵗʰ day of October, 2021, came to be heard Plaintiff's Motion for Protection

Regarding Marc Randazza. The Court, having considered the Motion, Defendants' response thereto, along with the arguments of counsel, finds that Plaintiffs' motion should be in all things DENIED. It is therefore:

ORDERED that Plaintiffs' Motion for Protection Regarding Marc Randazza is hereby DENIED in its entirety.

SIGNED ON THIS THE **10th** DAY OF **December**, 2021.

HONORABLE JUDGE MAYA GUERRA GAMBLE

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

REEVES LAW, PLLC

By: ___/s/ Bradley J. Reeves_____
Bradley J. Reeves
Texas Bar No. 24068266
702 Rio Grande St., Suite 203
Austin, TX 78701
brad@brtx.law
Telephone:     (512) 827-2246
Facsimile:     (512) 318-2484

ATTORNEY FOR DEFENDANTS

3

Filed in The District Court
of Travis County, Texas

AR   DEC 13 2021
At _____4:00_____ P.M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, AND | § | |
| OWEN SHROYER | § | |
| | § | |
| *Defendants*, | § | 261st JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants*, | § | 459th JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN THE DISTRICT COURT OF |
| VERONIQUE DE LA ROSA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants*, | § | 459th JUDICIAL DISTRICT |

## ~~[PROPOSED]~~ ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE

On the 25th day of October, 2021, came to be heard Plaintiffs' Motion to Consolidate. The Court, having considered the Motion, Defendants' response thereto, along with the arguments of counsel, finds that the risk of an unfair outcome because of prejudice or confusion substantially outweighs the convenience factors of consolidating these cases. As such, the Court hereby DENIES Plaintiffs' Motion to Consolidate. It is therefore:

ORDERED that Plaintiffs' Motion to Consolidate is hereby DENIED in its entirety, *however, may be re-urged if appropriate in the future.*

SIGNED ON THIS THE ___10th___ DAY OF ___December___, 2021.

HONORABLE JUDGE MAYA GUERRA GAMBLE

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

**REEVES LAW, PLLC**

By: __*/s/ Bradley J. Reeves*_____
Bradley J. Reeves
Texas Bar No. 24068266
702 Rio Grande St., Suite 203
Austin, TX 78701
brad@brtx.law
Telephone:     (512) 827-2246
Facsimile:      (512) 318-2484

**ATTORNEY FOR DEFENDANTS**

3

Filed in The District Court
of Travis County, Texas

AR DEC 13 2021
At 4:00 P M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, AND | § | |
| OWEN SHROYER | § | |
| | § | |
| *Defendants,* | § | 261st JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 459th JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN THE DISTRICT COURT OF |
| VERONIQUE DE LA ROSA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 459th JUDICIAL DISTRICT |

## ~~[PROPOSED]~~ ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE

On the 25th day of October, 2021, came to be heard Plaintiffs' Motion to Consolidate. The Court, having considered the Motion, Defendants' response thereto, along with the arguments of counsel, finds that the risk of an unfair outcome because of prejudice or confusion substantially outweighs the convenience factors of consolidating these cases. As such, the Court hereby DENIES Plaintiffs' Motion to Consolidate. It is therefore:

ORDERED that Plaintiffs' Motion to Consolidate is hereby DENIED in its entirety, however, may be re-urged if appropriate in the future.

SIGNED ON THIS THE ___10th___ DAY OF __December__, 2021.

HONORABLE JUDGE MAYA GUERRA GAMBLE

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

REEVES LAW, PLLC

By: ___*/s/ Bradley J. Reeves*___
Bradley J. Reeves
Texas Bar No. 24068266
702 Rio Grande St., Suite 203
Austin, TX 78701
brad@brtx.law
Telephone:    (512) 827-2246
Facsimile:     (512) 318-2484

ATTORNEY FOR DEFENDANTS

3

Filed in The District Court
of Travis County, Texas

AR  DEC 13 2021
At  4:00  P M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, AND | § | |
| OWEN SHROYER | § | |
| | § | |
| Defendants, | § | 261st JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| Defendants, | § | 459th JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN THE DISTRICT COURT OF |
| VERONIQUE DE LA ROSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| Defendants, | § | 459th JUDICIAL DISTRICT |

**[PROPOSED] ORDER ON PLAINTIFF'S
MOTION FOR PROTECTION REGARDING MARC RANDAZZA**

On the 25th day of October, 2021, came to be heard Plaintiff's Motion for Protection

Regarding Marc Randazza. The Court, having considered the Motion, Defendants' response thereto, along with the arguments of counsel, finds that Plaintiffs' motion should be in all things DENIED. It is therefore:

ORDERED that Plaintiffs' Motion for Protection Regarding Marc Randazza is hereby DENIED in its entirety.

SIGNED ON THIS THE __10th__ DAY OF __December__, 2021.

HONORABLE JUDGE MAYA GUERRA GAMBLE

2

**APPROVED AS TO FORM**
**AND ENTRY REQUESTED:**

**REEVES LAW, PLLC**

By: ___*/s/ Bradley J. Reeves*_____
Bradley J. Reeves
Texas Bar No. 24068266
702 Rio Grande St., Suite 203
Austin, TX 78701
brad@brtx.law
Telephone:    (512) 827-2246
Facsimile:    (512) 318-2484

**ATTORNEY FOR DEFENDANTS**

AR     JAN 11 2022
At ___3 : 20 P___ M.
Velva L. Price, District Clerk

### CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| **NEIL HESLIN,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| **ALEX E. JONES, INFOWARS, LLC, et** | § | |
| **al.,** | § | |
| *Defendants.* | § | **261ST JUDICIAL DISTRICT** |

### CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| **LEONARD POZNER AND** | § | **IN THE DISTRICT COURT OF** |
| **VERONIQUE DE LA ROSA,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **ALEX E. JONES, INFOWARS, LLC, et** | § | |
| **al.,** | § | |
| *Defendants.* | § | **345TH JUDICIAL DISTRICT** |

### CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| **SCARLETT LEWIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **ALEX E. JONES, INFOWARS, LLC,** | § | |
| **AND FREE SPEECH SYSTEMS, LLC,** | § | |
| *Defendants.* | § | **98TH JUDICIAL DISTRICT** |

### CAUSE NO. D-1-GN-19-004651

| | | |
|---|---|---|
| **NEIL HESLIN,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **ALEX E. JONES, INFOWARS, LLC,** | § | |
| **AND FREE SPEECH SYSTEMS, LLC,** | § | |
| *Defendants.* | § | **261ST JUDICIAL DISTRICT** |

## ORDER ALLOWING RECORDING AND
## BROADCASTING OF COURT PROCEEDINGS

Before the Court is Non-Party Media Verite's Unopposed Request to Allow Recording and Broadcasting of Court Proceedings (the "Request") pursuant to TEX. R. CIV. P. 18c and Travis County Local Rule 16. After considering the Request, the applicable law, and noting that the Request is unopposed, the Court FINDS that Media Verite's Request should be and is hereby GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Media Verite's Unopposed Request to Allow Recording and Broadcasting of Court Proceedings pursuant to TEX. R. CIV. P. 18c and Travis County Local Rule 16 is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Media Verite is entitled to record and broadcast all proceedings in the above-captioned lawsuit through visual[1] and audio[2] coverage. Media Verite shall be entitled to install equipment in the courtroom for the purpose of such coverage.

IT IS FINALLY ORDERED, ADJUDGED, AND DECREED that all Media Verite personnel covering the proceedings will comply with applicable provision of the Texas Rules of Civil Procedure and the Travis County Local Rules.

IT IS SO ORDERED.

SIGNED on the 11th day of January 2022.

HON. MAYA GUERRA GAMBLE

---

[1] Pursuant to Travis County Local Rule 16.1, "visual coverage" shall mean and include coverage by equipment that has the capacity to reproduce or telecast an image and includes still and moving picture photographic equipment and video equipment.

[2] Pursuant to Travis County Local Rule 16.1, "audio coverage" shall mean coverage by equipment that has the capacity to reproduce or broadcast sounds, and includes digital, tape and cassette sound recorders, and radio and video equipment.

Filed in The District Court
of Travis County, Texas

AR    JAN 2 4 2022
At _____ 9:20 _____ A.M.
Velva L. Price, District Clerk

## D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | 261st DISTRICT COURT |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER | § | |

## D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS | § | IN DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC | § | 98th DISTRICT COURT |
| and FREE SPEECH SYSTEMS, LLC | § | |

---

### ORDER OF CONSOLIDATION

---

On this day, the Court ORDERS that D-1-GN-18-006623, *Scarlett Lewis v. Alex E. Jones, et al.,* shall be consolidated into D-1-GN-18-001835, *Neil Heslin v. Alex E. Jones, et al.,* as the Court finds pursuant to Tex. R. Civ. P. 174 that these actions involve common questions of law or fact pending before the Court.

Dated January 20 _____, 2022.

Hon. Maya Guerra Gamble

1

Filed in The District Court
of Travis County, Texas

AR JAN 24 2022
At 9 20 A M.
Velva L. Price, District Clerk

### D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | 261st DISTRICT COURT |
| FREE SPEECH SYSTEMS, LLC, and | § | |
| OWEN SHROYER | § | |

### D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN DISTRICT COURT OF |
| VERONIQUE DE LA ROSA | § | |
| | § | TRAVIS COUNTY, TEXAS |
| VS. | § | |
| | § | 345th DISTRICT COURT |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| and FREE SPEECH SYSTEMS, LLC | § | |

### D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS | § | IN DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC | § | 98th DISTRICT COURT |
| and FREE SPEECH SYSTEMS, LLC | § | |

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS
## REGARDING CORPORATE DEPOSTION

On this day, the Court considered Plaintiffs' Motion for Sanctions Regarding Corporate Deposition. After considering the pleadings, evidence, and arguments of counsel, the Court finds that the Motion should be GRANTED and that the December 3, 2021

deposition of Free Speech Systems, LLC is held to be a non-appearance. As such, the Court ORDERS the following:

1.      Defendants shall pay all costs and expenses associated with the December 3, 2021 deposition of Free Speech Systems, Plaintiffs' Motion for Sanctions, and the January 14, 2022 hearing. Plaintiffs are ordered to submit an itemization of their costs and expenses to Defendants. If Defendants cannot agree to the amount, Plaintiffs shall submit evidence to the Court of the reasonable value of their costs and expenses.

2.      Defendants are ordered to present within the next 30 days a fully prepared corporate representative for the topics previously noticed.

3.      Defendants shall pay all costs and expenses associated with the additional deposition. Plaintiffs are ordered to submit an itemization of their costs and expenses to Defendants following the deposition. If Defendants cannot agree to the amount, Plaintiffs shall submit evidence to the Court of the reasonable value of their costs and expenses.

4.      All discovery directed to the Plaintiffs is hereby stayed pending further orders of the Court.

5.      All other remedies related to the Motion for Sanctions are taken under advisement until after the completion of the additional corporate deposition.

Dated January 10 , 2022.

Hon. Maya Guerra Gamble

2

Filed in The District Court
of Travis County, Texas
AR FEB 10 2022
At _____ 10'00 ___ Ħм.
Velva L. Price, District Clerk

## D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN | § | IN DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, and | § | 261st DISTRICT COURT |
| OWEN SHROYER | § | |

## D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS | § | IN DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| and FREE SPEECH SYSTEMS, LLC, | § | 98th DISTRICT COURT |

## ORDER ON MOTIONS TO COMPEL RESPONSES TO SECOND SET OF DISCOVERY REQUESTS AND MOTIONS FOR SANCTIONS

On this day, the Court considered Neil Heslin and Scarlett Lewis' Motions to Compel Responses to Second Set of Discovery Requests and Motions for Sanctions. The Court finds that Defendants unreasonably failed to comply with their discovery obligations. Defendants' discovery obstruction is greatly aggravated by its long history of discovery abuse in this Court as detailed in prior Orders. The Court therefore finds that Plaintiffs' Motions should be GRANTED.

Defendants are ORDERED to provide full responses within 15 days to following discovery requests from the Plaintiffs' Second Set of Discovery:

1

- Mr. Heslin's Interrogatory No. 1 & 2 to Alex Jones
- Mr. Heslin's Interrogatory No. 1, 2, & 3 to Free Speech Systems, LLC
- Ms. Lewis' Interrogatory No. 1 & 2 to Free Speech Systems, LLC
- Ms. Lewis' Request for Production No. 2 to Free Speech Systems, LLC

It is further ORDERED that Defendants shall pay Plaintiffs' reasonable costs and expenses in connection with the Motions. Plaintiffs are ordered to submit an itemization of their costs and expenses to Defendants. If Defendants cannot agree to the amount, Plaintiffs shall submit evidence to the Court of the reasonable value of their costs and expenses.

It ~~is further ORDERED that the following additional remedies under Rule 215 shall~~ be as~~sessed~~

(  )  ~~Other.~~ _____

_____

_____.

Dated __February 9__, 2022.

Hon. Maya Guerra Gamble

Electronically Filed
of Travis County, Texas

AR  FEB 25 2022
At  3:30  P M.
Velva L. Price, District Clerk

## D-1-GN-18-001835

NEIL HESLIN and
Scarlett Lewis

VS.

ALEX E. JONES, INFOWARS, LLC,
FREE SPEECH SYSTEMS, LLC, and
OWEN SHROYER

§
§
§
§
§
§
§
§

IN DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

261st DISTRICT COURT

~~D-1-GN-18-006623~~

~~SCARLETT LEWIS~~

~~VS.~~

~~ALEX E. JONES, INFOWARS, LLC,
and FREE SPEECH SYSTEMS, LLC,~~

§
§
§
§
§
§
§

~~IN DISTRICT COURT OF~~

~~TRAVIS COUNTY, TEXAS~~

~~98th DISTRICT COURT~~

## ORDER ON ATTORNEY'S FEES FOR MOTIONS TO COMPEL RESPONSES TO SECOND SET OF DISCOVERY REQUESTS AND MOTIONS FOR SANCTIONS

On this day, the Court considered Plaintiffs' request for attorney's fees and expenses in connection with Neil Heslin and Scarlett Lewis' Motions to Compel Responses to Second Set of Discovery Requests and Motions for Sanctions. The Court finds that the fees and expenses requested by the Plaintiffs are reasonable.

As such, the Court ORDERS that within 30 days of the service of this Order, Defendant Free Speech Systems, LLC shall pay $21,175 to Plaintiffs.

February 24, 2022

MAYA GUERRA GAMBLE
459th DISTRICT COURT

1

Filed in The District Court
of Travis County, Texas

AR  FEB 25 2022

At_____3:30_____P.M.

Velva L. Price, District Clerk

D-1-GN-18-001835

NEIL HESLIN and                          §          IN DISTRICT COURT OF
SCARLETT LEWIS                           §
                                         §          TRAVIS COUNTY, TEXAS
                                         §
VS.                                      §          261st DISTRICT COURT
                                         §
ALEX E. JONES, INFOWARS, LLC,            §
FREE SPEECH SYSTEMS, LLC, and            §
OWEN SHROYER                             §

D-1-GN-18-001842

LEONARD POZNER AND                       §          IN DISTRICT COURT OF
VERONIQUE DE LA ROSA                     §
                                         §          TRAVIS COUNTY, TEXAS
                                         §
VS.                                      §          345th DISTRICT COURT
                                         §
ALEX E. JONES, INFOWARS, LLC,            §
and FREE SPEECH SYSTEMS, LLC             §

## ORDER ON ATTORNEY'S FEES FOR PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSTION

On this day, the Court considered Plaintiffs' request for attorney's fees and expenses in connection with their Motion for Sanctions Regarding Corporate Deposition. The Court finds that the fees and expenses requested by the Plaintiffs are reasonable.

As such, the Court ORDERS that within 30 days of the service of this Order, Defendant Free Speech Systems, LLC shall pay $60,745 to Plaintiffs.

Dated **February 24**, 2022.

_____

Hon. Maya Guerra Gamble

1

Filed in The District Court
of Travis County, Texas

AR FEB 25 2022
At   3:30   P M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| FREE SPEECH SYSTEMS, LLC, AND | § | |
| OWEN SHROYER | § | |
| | § | |
| *Defendants,* | § | 261st JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 98th JUDICIAL DISTRICT |

CAUSE NO. D-1-GN-18-001842

| | | |
|---|---|---|
| LEONARD POZNER AND | § | IN THE DISTRICT COURT OF |
| VERONIQUE DE LA ROSA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, AND | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| *Defendants,* | § | 345th JUDICIAL DISTRICT |

## **ORDER GRANTING UNOPPOSED MOTION FOR WITHDRAWAL OF COUNSEL**

CAME ON for consideration the Unopposed Motion for Withdrawal of Counsel filed by

Bradley Reeves of REEVES LAW, PLLC seeking to withdraw as counsel of record for Defendants

in the above-captioned matters, and the Court, after considering the motion, is of the opinion that the motion should be GRANTED. It is therefore,

ORDERED, ADJUDGED, and DECREED that Bradley J. Reeves of the law firm of REEVES LAW, PLLC is permitted to withdraw as an attorney of record for Defendants in each of the above-captioned matters.

SIGNED ON February 24 , 2022.

HONORABLE JUDGE MAYA GUERRA GAMBLE

2

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

REEVES LAW, PLLC

By: ___*/s/ Bradley J. Reeves*___
Bradley J. Reeves
Texas Bar No. 24068266
brad@brtx.law
702 Rio Grande St., Suite 203
Austin, TX 78701
Telephone: (512) 827-2246
Facsimile: (512) 318-2484

**WITHDRAWING ATTORNEY FOR DEFENDANTS**

KASTER LYNCH FARRAR & BALL, LLP

By:*/s/ Mark D. Bankston (by permission)*
Mark D. Bankston
Texas Bar No. 24071066
mark@fbtrial.com
William R. Ogden
Texas Bar No. 24073531
bill@fbtrial.com
1117 Herkimer Street
Houston, TX 77008
Tel:  (713) 221-7008
Fax:  (713) 221-8301

**ATTORNEYS FOR PLAINTIFFS**

3

NO. _D-1-GN-18-001835_

(Name) _Neil Heslin_
Plaintiff

vs. _Free Speech Systems,_

(Name) _Info Wars, Alex Jones and_
Defendant _Owen Shroyer_

§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

_261st_ JUDICIAL DISTRICT

Filed in The District Court
of Travis County, Texas

MAR 1 5 2022  **JG**

At _____ 11:44 ___ M.
Velva L. Price, District Clerk

## REQUEST FOR ORDER TO ALLOW MEDIA COVERAGE

## WITH CONSENT OF PARTIES OR WITNESSES

Pursuant to Rule 18c of the Texas Rules of Civil Procedure and the Rules Governing the Recording and Broadcasting of Court Proceedings in the Civil District Courts of Travis County (Chapter 16 of the Local Rules of Civil Procedure and Rules of Decorum for the District Courts of Travis County) (Local Rules), I request permission to install equipment for the purpose of media coverage of the above described case as follows: _D-1-GN-18-001835 Neil Heslin v. Free Speech Systems,_

1. Case Style and Number: _Info Wars, Alex Jones and Owen Shroyer_

2. Courtroom: _261st District Court_

3. Date and Time proceeding is to begin: _April 25, 2022 at 9 Am_

4. The type of coverage requested (for example, televising, recording or photographing) _Recording Audio/Video for Kxan.com and televisi_

5. The type and extent of equipment to be used: _Sony XD Camera PMW 320, a tripod and mic_

I, individually, and on behalf of the personnel of the media agency I represent and all media personnel who participate in media coverage through any pooling agreement, understand and agree that:

1. All media personnel covering the proceedings will comply with applicable provisions of the Texas Rules of Civil Procedure and the Local Rules.

Page 46

2.      Written consent of each party has been obtained, and true copies of all completed consent forms are attached to this request.

3.      There will be no audio or visual coverage of the testimony of any witness unless consent of that witness has been obtained in the manner required by the Court and filed with the District Clerk, with a copy delivered to the trial court.

4.      Permission may be withdrawn by the Court at any time pursuant to the Local Rules, at which time media coverage will immediately cease.

The original of this request was filed with the District Clerk, with a copy delivered to the trial court and the Court Administrator, on _March 15_, 20_22_ at _____.m.

_Haley Cihock_
Individual - signature

_Haley Cihock_
Individual - printed

_KXAN_
Name of Media Agency

_News Director_
Position

_908 W. Martin Luther King._
Address

_512-703-5300_
Telephone Number